IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOOGLE LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| UNILOC LICENSING USA LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MOTION TO COMPEL UNILOC LICENSING USA LLC
## TO COMPLY WITH SUBPOENAS ON AN EXPEDITED BASIS

In this ancillary action, Defendant Google LLC ("Google") moves for an order compelling Uniloc Licensing USA LLC ("Uniloc Licensing") to comply, on an expedited basis, with Google's subpoenas seeking documents and testimony for use in *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-00491–93, 496–97, 499, and 501–04,-JRG-RSP (E.D. Tex.).[1]  The subpoenas, attached as Exhibits 1 and 2, were issued by presiding Judge Rodney James Gilstrap of the United States District Court for the Eastern District of Texas.  Plaintiff Uniloc 2017 LLC ("Uniloc 2017" or "Plaintiff") has sued Google for alleged patent infringement in approximately 10 separate cases now pending before Judge Gilstrap, which the subpoenas refer to collectively as the "Uniloc 2017–Google litigations."  Uniloc Licensing is a nonparty who possesses information relevant to the parties' claims and defenses.

Although the subpoenas were issued by the Eastern District of Texas, they require compliance in the District of Delaware (the "Court"), which is where Uniloc Licensing is subject to service and, hence, where the subpoenas commanded depositions to occur.  Google served

---

[1] The cases *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-548–553-JRG-RSP (E.D. Tex.), are currently subject to a 30-day stay.  If and when this stay is lifted, documents and testimony obtained by Google's subpoenas would be used in these cases as well.

Uniloc Licensing through its registered agent in Delaware.  The response to Google's subpoenas was due on January 28, 2020, but Uniloc Licensing failed to respond by that date and still has not responded as of the filing of this Motion.

It is unclear who, if anyone, currently represents Uniloc Licensing in this matter. Counsel for Google sent the subpoenas to Uniloc 2017's counsel and asked if he knew whether Uniloc Licensing would respond to Google's subpoenas.  Counsel for Uniloc 2017 (again, the plaintiff in the Eastern District of Texas cases) stated that he does not represent Uniloc Licensing but that he believed that Uniloc Licensing did not receive service of the subpoenas.  Google's process server has furnished proof of service of the subpoenas, however, which Google provided to Uniloc 2017's counsel along with the subpoenas themselves.  (Exs. 3–4.)  It has now been 24 days since Uniloc Licensing's responses to the subpoenas were due, and Google still has yet to receive any indication that Uniloc Licensing intends to comply with the subpoenas.[2]

Accordingly, pursuant to Rules 37(a)(2) and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Google respectfully moves this Court to compel Uniloc Licensing to comply with Google's requests for both deposition testimony and the production of documents.  Google respectfully requests that this Motion be considered on an expedited basis in light of the impending close of discovery in the Uniloc 2017-Google litigations on March 30, 2020 and Uniloc Licensing's decision to ignore the subpoenas altogether.  (*See, e.g.*, No. 2:18-cv-553-JRG-RSP, D.I. 42 at 3 (E.D. Tex.).)

---

[2]   Google served subpoenas on Uniloc Licensing on December 16, 2019.  (Ex. 3.)  While the notice of subpoena listed all 15 Uniloc 2017–Google litigations, the subpoena forms themselves listed only the -553 case.  To ensure that all cases benefit and can use the discovery produced in response to these subpoenas, on February 13, Google served additional subpoenas—identical to the subpoenas originally served—that identify all the other cases.  Other than identifying the remaining 14 Uniloc 2017–Google litigations, no other changes were made to these subpoenas. Since no other changes were made, Google set the response date on these subpoenas to February 20, 2020.  Uniloc Licensing never responded to these subpoenas as well.

## I.      BACKGROUND

Uniloc Licensing is a corporate affiliate of Uniloc 2017.  As detailed in Google's motions to dismiss and to transfer venue (*See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, 2:18-cv-553-JRG, D.I. 71 & 72 (E.D. Tex. Oct. 18, 2019)), Uniloc Licensing is part of a vast network of Uniloc-named entities whose interests in the asserted patents and in the litigations themselves have shifted alongside the Uniloc entities' changing corporate and capital structures.

Uniloc Licensing possesses information relevant to the parties' claims and defenses here. Shortly after acquiring the patents-in-suit, Uniloc 2017 granted Uniloc Licensing an exclusive right to sue for their infringement.  Although Uniloc 2017 contends that this exclusive right was terminated before the Uniloc 2017–Google litigations were filed, Google has disputed this contention on the basis of contrary evidence obtained from Uniloc 2017.  The nature of Uniloc Licensing's interests in the patents-in-suit and in the litigations themselves, therefore, remain a matter of dispute in the Eastern District of Texas.  Uniloc Licensing doubtless has information relevant to this issue.

Uniloc Licensing may also have information relevant to the parties' claims and defenses related to claim construction, infringement, invalidity, and damages, among others.  Further, because Uniloc Licensing and Uniloc 2017 have held overlapping enforcement rights—a fact that Uniloc 2017 does not dispute—Uniloc Licensing may have information relevant to pre-suit analyses that are outside the possession, custody, and control of Uniloc 2017.  *See Uniloc USA, Inc. v. Apple, Inc.*, 3:18-cv-360-WHA, D.I. 147-8 at 2–3, D.I. 164-2 at 2 (N.D. Cal.).

Google initially attempted to serve Uniloc Licensing at its address in Newport Beach, California, only to find that the suite Uniloc Licensing purported to occupy did not exist.  (Ex. 5.)  The suite was simply not part of the building.  Without any other address at which to serve

Uniloc Licensing, Google served Uniloc Licensing through its registered agent in Wilmington, Delaware on December 16, 2019.  (Ex. 3)

The subpoenas request a deposition in Delaware.  On the assumption that any document production would be electronic, the subpoenas request document productions in California.  Although Uniloc Licensing still has made no objections to this or any other term in the subpoenas, Google would readily agree to the production of documents in Delaware or at any other convenient location for Uniloc Licensing.  *See, e.g.*, *New Atlantic Venture Fund III v. Vir2us, Inc.*, No 16-95-SLR, 2016 WL 3583797, at *3 (D. Del. June 30, 2016) (changing the location of production from California to Delaware).

As noted above, Uniloc licensing never responded to the subpoenas with objections or otherwise.  Having gotten no response from Uniloc Licensing, Google e-mailed both Uniloc 2017's counsel and the law firm of Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP, which has represented Uniloc Licensing in other cases.  Feinberg Day did not respond.  Counsel for Uniloc 2017 responded that he did not represent Uniloc Licensing, but nonetheless requested proof of service, which Google subsequently provided. (Ex. 6.)

On a February 7, 2020 meet-and-confer between Google and Uniloc 2017, Google noted again that Uniloc Licensing had not responded to the subpoenas and that Google intended to move to compel.  Counsel for Uniloc 2017 then stated that the service agent for Uniloc Licensing had informed him that the subpoenas had not been served.  Despite the proof of service, which Google sent to Uniloc 2017's counsel, Uniloc 2017's counsel stated he thought it was strange that the process server's name appeared to be associated with an address in California, not Delaware, and that perhaps there had been a mistake.  Soon after the call, Google's counsel confirmed that the process server was physically in Delaware, that Uniloc Licensing was

properly served, and that the California address was simply associated with the company that helped coordinate service.  (Ex. 6.)  Counsel for Uniloc 2017 told Google that Uniloc Licensing continues to dispute proper service.

## II.   LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure allows a party to obtain a subpoena to command a nonparty to produce documents or tangible things in its possession, custody, or control.  Fed. R. Civ. P. 45.  The scope of discovery through a subpoena is the same as under Rules 26 and 34 of the Federal Rules of Civil Procedure.  *See* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2452 (3d ed. 2019) (citing cases).  A party may obtain discovery of any non-privileged matter that is relevant to any claims or defenses.  Fed. R. Civ. P. 26(b)(1).  "[I]t is well recognized that the federal rules allow broad and liberal discovery."  *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)); *see also Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *1 (E.D. Tex. Nov. 16, 2012) (explaining that the rules of discovery receive "broad and liberal application").  A nonparty that is commanded to produce documents and tangible things may serve objections to the subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  Any objection must be served within 14 days after service of the subpoena, or before the time for compliance, whichever is earlier.  *Id.*

Rule 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The proper venue in which to file a motion to compel a nonparty to comply with a subpoena is "the district where compliance is required."  Fed. R. Civ. P. 45(d)(2)(B)(1).  Because the subpoenas here require compliance in Delaware, venue is proper in this Court.

## III.    ARGUMENT

Uniloc 2017 waived any objections by failing to respond to the subpoenas.  Even if this Court does not agree that Uniloc Licensing waived its objections, this Court should compel Uniloc Licensing to produce the requested documents and testimony as set forth in Google's subpoena, because the relevance of the discovery sought, Google's need for such discovery, and the minimal hardship to Uniloc Licensing favors production of the requested discovery.  *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986).

### A.  Uniloc Licensing Waived Any Objections By Failing To Respond

To the extent Uniloc Licensing belatedly objects to this subpoena, any objections have already been waived.  Rule 45 provides that a nonparty served with a subpoena may object, but "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  Here, both the 14 days and the time for compliance have passed.

"A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege."); *In re Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (enforcing a nonparty subpoena over untimely objections because the respondent "did not even contact" the party who served the subpoena within the time for compliance and because the "failure to object timely constitutes a waiver of any objections").  Moreover, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Fed. R. Civ. P. 45(g).

Uniloc Licensing was properly served; it simply failed to respond—even after it communicated with Uniloc 2017's counsel regarding the subpoenas, and even after Google specifically invited dialogue regarding the subpoenas during a meet-and-confer with Uniloc 2017's counsel.  Google properly effected service through Uniloc Licensing's registered agent, as documented by the attached proof of service.  (Exs. 3–4.)  By choosing to ignore Google's subpoenas, Uniloc Licensing waived any and all objections.

## B. The Requested Discovery Is Relevant To Issues Of Standing, Venue, Claim Construction, Infringement, Invalidity, And Damages, Among Others.

Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Where there is doubt over relevance, [Rule 26(b)(1)] indicates that the court should be permissive."  *Heat & Control*, 785 F.2d at 1024.  "[W]hen the material sought is minimally relevant the burden is on the party opposing discovery to show that it is not relevant."  8 Charles Alan Wright et al., Federal Practice and Procedure § 2008 (3d ed. 2019) (citing cases).

Uniloc Licensing is a corporate affiliate of Uniloc 2017 that possesses information relevant to the claims and defenses in this case.  As explained above, Uniloc Licensing held an exclusive right to enforce the patents-in-suit mere days before this litigation commenced—a fact that Uniloc 2017 does not dispute.  *See Uniloc USA, Inc. v. Apple, Inc.*, 3:18-cv-360-WHA, D.I. 147-8 at 2–3, D.I. 164-2 at 2 (N.D. Cal.).  Whether Uniloc Licensing still held an interest in the patents-in-suit when these litigations were filed is a disputed issue before the Eastern District of Texas on which the parties have presented conflicting evidence.  Uniloc Licensing likely has relevant information on this issue, which goes to Google's defense—raised in a pending motion

Case 1:20-mc-00065-UNA   Document 1   Filed 02/21/20   Page 8 of 13 PageID #: 8

to dismiss—that Uniloc 2017 lacks standing to sue.  For these reasons, Google believes that Uniloc Licensing possesses information relevant to the parties' claims and defenses.

The information sought from Uniloc Licensing is relevant to at least the issues of standing, venue, claim construction[3], infringement, invalidity, and damages.  Google's requests regarding the asserted patents' conception, reduction to practice, and prosecution are relevant to virtually all aspects of this litigation.  (Exs. 1 & 2 at Request Nos. 1, 7, 12–15.)  So are the requests for information regarding these lawsuits in general.  (*Id.* Nos. 9, 29, 35, 44, 76.)  Google's requests regarding analyses of the patents and comparisons thereof to any other products are relevant to the issues of infringement and damages.  (*Id.* Nos. 3–4, 10–11, 36.)  The requests for information regarding settlements, licenses, agreements, valuations, and royalties associated with the asserted patents are relevant to the issue of damages.  (*Id.* Nos. 5–6, 18–28, 33–34, 41–43, 46–48, 74–75.)  The requests for information regarding the asserted patents' validity are relevant to Google's invalidity defenses.  (*Id.* Nos. 37–40, 45.)  The requests regarding any decision to declare the patents standard-essential are relevant to damages and infringement.  (*Id.* Nos. 49–52.)  The requests regarding contractual and corporate relationships among the Uniloc and Fortress entities, as well as the occurrence of events pertinent to agreements entered into by them, are relevant to Uniloc 2017's standing.  (*Id.* Nos. 52, 54, 69.)  The requests regarding the locations of the entities' operations and employees are relevant to venue.  (*Id.* Nos. 55–62.)  And the requests regarding products that practice the asserted patents

---

[3] This information may be relevant to issues related to claim construction in *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-548–553-JRG-RSP (E.D. Tex.), which are currently stayed for 30 days.  Claim construction procedures in the other Uniloc 2017-Google litigations has already passed, but this discovery may still be relevant to any further claim construction sought by the parties prior to trial.

are relevant to damages and potentially to infringement and claim construction as well.  (*Id.* Nos. 53–58, 72–73, 78–80.)

### C. Google Needs Documents And Testimony From Uniloc Licensing Because The Information Sought Cannot Be Obtained Elsewhere

The second factor that courts consider in determining the propriety of a subpoena is "the requesting party's need" for the material being sought.  *Heat & Control*, 785 F.2d at 1024.  This factor favors the enforcement of a subpoena when the information being sought is exclusively possessed by the subpoenaed party.  *See, e.g.*, *Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 WL 7960976, at *5 (D. Del. Dec. 4, 2015) (suggesting that a "need" to obtain information via a nonparty subpoena would have existed if the movant had been unable to obtain the information from the opposing party in the underlying case); *In re Subpoena to Non-Party OPI Prods., Inc. Mycone Dental Supply Co v. Creative Nail Design, Inc.*, No. 3:12-CV-747-RS, 2014 WL 12610196, at *2 (C.D. Cal. Jan. 2, 2014) (concluding that the requesting party "needs to get the information from OPI because OPI is the only entity that has access to it").  Put differently, "[n]eed is enhanced when information is uniquely available from the party from whom it is sought."  *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987).

Uniloc 2017 has repeatedly objected to requests for information regarding other Uniloc entities on the grounds that such requests seek third-party information and that information regarding these third parties is not in the possession, custody, and control of Uniloc 2017.  (Ex. 6 at 2–3 (Uniloc 2017's objections and responses to RFPs 3–4).)  Uniloc 2017's stock response to discovery requests regarding other Uniloc entities has been, in essence, that Google should go get that information from whichever Uniloc entity it pertains to.  Accordingly, Google's subpoenas are narrowly tailored to seek documents and information that are purportedly not in Uniloc 2017's possession, custody, or control and that can be obtained only from Uniloc

Licensing.  *See Heat & Control*, 785 F.3d at 1024–25 (holding that the "need" factor was met absent "specific evidence" that the requested discovery was "available from other sources").

Further, it is unclear that any of the information Google seeks here would be in Uniloc 2017's possession, custody, and control.  Uniloc 2017 has not been forthcoming about the extent to which information pertaining to one Uniloc entity is available to the others.  Google does not know whether dealings among the various Uniloc entities occur at arm's length, whether information silos exist, or whether information is spread across entities as patent rights change hands.  In particular, Uniloc Licensing might not share Uniloc 2017's view that Uniloc Licensing held no interest in the asserted patents when this litigation was filed.  And Uniloc Licensing, having undisputedly held an exclusive right to enforce the patents-in-suit only days before this litigation was filed, might have conducted its own analysis of issues relevant to this case (perhaps in anticipation that it would be enforcing the patents-in-suit, consistent with its exclusive right to do so), separate and apart from any analysis performed by Uniloc 2017.

### D. Google Anticipates No Credible Claims Of Hardship And Is Prepared To Be Flexible To Minimize Any Inconvenience

The last factor considered in determining the propriety of a subpoena is "the potential hardship of the party subject to the subpoena."  *Id.* at 1024.  Material kept "in the ordinary course of business" normally "would not be overly burdensome . . . to compile and produce."  *Creative Nail Design*, 2014 WL 12610196, at *2.  A party resisting discovery must do more than make "barebones claims of hardship"; such claims "are inadequate."  *DetCard Sys., Inc. v. PacsGear, Inc.*, 2011 WL 2491515, at *2 (D. Minn. Apr. 25, 2011).

Although Google cannot, without having received any responses or objections to its subpoenas and without having received any direct communication from Uniloc Licensing, anticipate exactly what hardship issues Uniloc Licensing might raise, Google does not expect

that any hardship-based objections would be credible.  Uniloc Licensing's business is or has been the enforcement of patents—including the patents-in-suit—through litigation.  *Uniloc USA, Inc. v. Apple, Inc.*, 3:18-cv-360-WHA, D.I. 147-8 at 2–3, D.I. 164-2 at 2 (N.D. Cal.).  Uniloc Licensing does not develop and commercialize products or invest in research to develop new technology in-house.  Instead, its principal focus is acquiring patents and monetizing them through litigation.  Uniloc Licensing is, therefore, well acquainted with the discovery process and has, in all likelihood, structured its operations to facilitate efficient responses to discovery requests.  Therefore, Uniloc Licensing is not likely to encounter difficulties understanding the issues presented in the Uniloc 2017–Google litigations or providing information responsive to the subpoenas.

Finally, Google is prepared to accommodate Uniloc Licensing regarding the means of compliance with the subpoenas.  Google can be flexible regarding the times and locations of productions and depositions subject to the discovery deadlines in the Uniloc 2017–Google litigations, where fact discovery closes on March 30, 2020.  And if Uniloc 2017 confirms that it also has possession, custody, and control over all responsive documents in the possession, custody, and control of Uniloc Licensing, Google will withdraw the document requests at issue here and seek the requested information from Uniloc 2017 instead.  (Ex. 6 (objecting to requests as seeking "third-party information," but failing to clarify whether the requested material is also in Uniloc 2017's possession, custody, and control).)

## IV.    CONCLUSION

For all of these reasons, Google respectfully moves the Court to compel Uniloc Licensing to produce the documents and make a deponent available for depositions as requested by the subpoenas.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Google LLC*

February 21, 2020

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 21, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that copies of the foregoing document will be served upon the following in the manner indicated:

The Corporation Trust Company                               *VIA HAND DELIVERY*
1209 Orange St.
Wilmington, DE  19801
*Registered Agent for Uniloc Licensing USA LLC*

/s/ *Brian P. Egan*
_____
Brian P. Egan (#6227)