# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>          Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 2:18-cv-00491, -492, -493, -496, -497, -499, -501, -503, -504, -548, -550, -551, -552, -553<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT GOOGLE LLC'S NOTICE OF SUBPOENA TO UNILOC LICENSING USA</u>**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Google LLC ("Defendant" or "Google"), by and through its counsel, requests documents from Uniloc Licensing USA LLC ("Uniloc Licensing") according to the subpoenas attached hereto as Exhibit A.  Any production will be protected by the forthcoming protective order.

1

Dated: December 16, 2019

Respectfully submitted,

*/s/Jonathan Tse*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via e-mail on December 16, 2019.

*/s/Jonathan Tse*
Jonathan Tse

# <u>EXHIBIT A</u>

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| UNILOC 2017 LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:18-cv-00553 |
| GOOGLE LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Uniloc Licensing USA
620 Newport Center Drive, Newport Beach, California 92660

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Quinn Emanuel Urquhart & Sullivan | Date and Time: |
|---|---|
| 50 California Street, FL 22, San Francisco, CA 94111 | 01/07/2020 9:00 am |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/16/2019

|  CLERK OF COURT | |
|---|---|
| | OR |
| | |
| _____ | /s/ Jonathan Tse |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Jonathan Tse

jonathantse@quinnemanuel.com | 415-875-6426                        , who issues or requests this subpoena, are:

Quinn Emanuel Urquhart & Sullivan, 50 California Street, FL 22, San Francisco, CA 94111

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:18-cv-00553

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Eastern District of Texas

| | |
|---|---|
| UNILOC 2017 LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:18-cv-00553 |
| GOOGLE LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Uniloc Licensing USA
              620 Newport Center Drive, Newport Beach, California 92660
                    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Newport Beach Marriott | Date and Time: |
|---|---|
|          900 Newport Center Dr, Newport Beach, CA 92660 |          01/07/2020 9:00 am |

          The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/16/2019

                    *CLERK OF COURT*
                                                    OR
                                                            /s/ Jonathan Tse
          _____             _____
              *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jonathan Tse
jonathantse@quinnemanuel.com | 415-875-6426                              , who issues or requests this subpoena, are:
Quinn Emanuel Urquhart & Sullivan, 50 California Street, FL 22, San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    2:18-cv-00553

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## <u>DEFINITIONS</u>

1.      The requests, as well as the instructions provided below, are subject to and incorporate the following definitions and instructions as used herein, regardless of whether upper or lower case letters are used:

2.      "Uniloc Licensing," "you," or "your" means Uniloc Licensing, including its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all of Uniloc Licensing's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, or controlled by, or under common control with Uniloc Licensing, and all predecessors and successors in interest to such entities.

3.      "Plaintiff" or "Uniloc" means Uniloc 2017 LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

4.      "Defendant" or "Google" means Google LLC, its officers, directors, members, principals, employees, agents, representatives, affiliates, or others acting on Google LLC's behalf.

5.      "Uniloc 2017-Google litigations" means *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-491 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-492 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-493 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-496 (E.D.

Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-497 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-499 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-500 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-501 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-502 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-503 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-504 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-548 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-549 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-550 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-551 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-552 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-553 (E.D. Tex.).

6.      "Asserted Patents" means United States Patent Nos. 6,253,201; 6,329,934; 6,349,154; 6,366,908; 6,452,515; 6,473,114; 6,622,018; 6,628,712; 6,836,654; 6,952,450; 7,012,960; 8,194,632; 8,407,609; 8,949,954; 9,141,489; and 9,564,952. "Asserted Patent" means any one of the Asserted Patents.

7.      "Related Patents" means (1) any United States or foreign patent or patent application related to any Asserted Patent by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications of thereof, and/or (3) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein. "Related Patent" means one of the Related Patents.

8.      "Related Patent Portfolio" means any portfolio or other aggregation of assets that includes, in part or in whole, at least one Asserted Patent or any Related Patent.

9.      "Named Inventor" means any person persons named as an inventor on the face of any Asserted Patent or Related Patent.

10.    "Accused Products" means Google's products or services that Plaintiff accuses of infringement in the Uniloc 2017-Google litigations:  Hangouts, Youtube, Pixel, SAS, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Cloud M&E, Chromecast, Google Play, Google Cloud Load Balancer, Google 2-Step Verification, Google Photos, Google Lens, Google (Reverse) Image Search; Google Cloud Vision API, Google AutoML Vision, Nearby Messages API, Google Tone, Featured Snippets.

11.    "Fortress Investment" means Fortress Investment Group and its officers, directors, current and former employees, counsel agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Fortress Investment Group's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Fortress Investment Group and all predecessors and successors in interest to such entities.

12.    "Fortress" means Fortress Credit Co LLC and its officers, directors, current and former employees, counsel agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Fortress Credit Co LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Fortress Credit Co LLC and all predecessors and successors in interest to such entities.

13.    "Uniloc Entities" means Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc Luxembourg S.A. ("Uniloc Lux"), Uniloc Corporation PTY Limited, and CF Uniloc Holdings LLC ("CF Uniloc"), Uniloc Management LLC, and Uniloc Licensing USA LLC ("Uniloc Licensing"), including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities.  "Uniloc Entity" means any one of the Uniloc entities.

14.    "Fortress Entities" includes Fortress Credit Co LLC ("Fortress"), Fortress Investment Group ("Fortress Investment"). Fortress Credit Corp., CF DB EZ 2017 LLC, and CF DB EZ LLC, including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities.  "Fortress Entity" means any one of the Fortress Entities.

15.    "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence of absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries

9

of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

16.     "Source code" means source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

17.     "Executable software" means computer files containing encoded instructions capable of being executed by a processing unit (e.g., a central processing unit or microcontroller), and any release notes describing the features or modifications of such files.  The term shall include, without limitation, firmware and executable binary files.

18.     "Communication" means, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including electronic communications and electronic mail.

19.     "Person" means individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

20.     "Concerning" and "Relating to" mean relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting

on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

21.     "Thing" means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

22.     "Refer to," "referring to," "relate to," "related to," "relating to," "regarding," or "concerning" means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon, pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

23.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

24.     The terms "any," "all," "every," and "each" each means and includes the other.

25.     The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

26.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27.     "Include" and "including" mean including without limitation.

28.     The provision of definitions set forth herein shall not be construed to be an admission that identical or similar terms in the claims of the patent-in-suit should receive such construction and shall have no binding effect on Google in this or any other proceeding.

## <u>INSTRUCTIONS</u>

1.      This subpoena seeks documents or things in existence as of the date of service

hereof and to the full extent permitted by the Federal Rules of Civil Procedure.

2.      This subpoena shall apply to all documents or things in your possession, custody

or control as of the date of service hereof or coming into your possession, custody, or control

before the date of the production.

3.      If any portion of a document or thing is responsive to a request, the entire document

or thing shall be produced, redacting only privileged material if any.

4.      You are to produce the original and each non-identical copy of each document or

things requested herein that is in your possession, custody or control.

5.      Documents produced pursuant to these requests shall be produced in the original

files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped, or

otherwise fastened together shall be produced in that form.

6.      Things produced pursuant to these requests shall be produced in their present form

and shall not be changed or modified in any way.

7.      In the event that any documents or things called for by these requests or subsequent

requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that

document or thing is to be identified by stating:

      a.   the author(s), addressee(s) and any indicated or blind copyee(s);

      b.   the document's or thing's date, number of pages and attachments or

      c.   appendices;

      d.   the subject matter(s) of the document or thing;

      e.   the nature of the privilege or immunity asserted; and

12

f.  any additional facts upon which you would base your claim of privilege or immunity.

8.      If any of the documents or things are considered "confidential" such documents or things should be produced subject to the terms and provisions of the protective order entered in this case. A copy of the protective order is attached as Exhibit 1.

9.      If no documents or things are responsive to a particular request, you are to state that no responsive documents or things exist.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents Regarding the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 2:**

All Documents Regarding any inspection, testing, evaluation, or analysis conducted by any Person of any product or service of Google for any purpose by or on behalf of Plaintiff, Including all Documents showing how any product or service of Google compares to one or more claims of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 3:**

All Documents that support or refute any contention that any of the Accused Products literally Infringe any claim of the Asserted Patents or Related Patents or Infringe any claim of the Asserted Patents or Related Patents under the doctrine of equivalents.

**REQUEST FOR PRODUCTION 4:**

Documents sufficient to show when You or any Uniloc Entity first became aware of the existence of each of the Accused Products, Including Documents sufficient to show Plaintiff's initial discovery of the alleged Infringement by each of the Accused Products.

**REQUEST FOR PRODUCTION 5:**

All Documents Regarding any damage or harm allegedly suffered as a result of the sale, offer for sale, or use of any of Google's products, methods, or systems.

**REQUEST FOR PRODUCTION 6:**

All Documents Regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties claimed in this or any action involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 7:**

All Documents that You have received from Third Parties that relate to the Asserted Patents or any patent in its chain of priority.

**REQUEST FOR PRODUCTION 8:**

Documents sufficient to show any interest that any Third Party has in the outcome of Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 9:**

All Documents Regarding the filing of Uniloc 2017-Google litigations, or any other lawsuit involving the Asserted Patents or Related Patents, Including Documents Regarding any public announcements, advertisements, letters to the editor, press releases, or correspondence or telephone conferences with customers, prospective customers, distributors, trade journals, professional societies, or other Persons.

**REQUEST FOR PRODUCTION 10:**

All Documents and Communications Regarding any discussions with Third Parties Regarding Infringement of any of the Asserted Patents or Related Patents by Google.

**REQUEST FOR PRODUCTION 11:**

All Documents showing how any product or service of any Person or entity compares to one or more claims of the Asserted Patents or Related Patents, Including any claim charts Regarding the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 12:**

All Documents Regarding the alleged conception, any alleged diligence from conception to reduction to practice, and any actual reduction to practice of the alleged inventions claimed in the Asserted Patents or Related Patents, Including inventor notes and any Communications with

Third Parties Regarding any of the alleged inventions claimed in the Asserted Patents or Related Patents or each purported inventor's individual contributions thereto.

**REQUEST FOR PRODUCTION 13:**

All Documents Regarding the research, design, development, or testing of the subject matter described or claimed in the Asserted Patents or Related Patents, Including all handwritten or typed notes, laboratory notebooks, inventor notebooks, computer programs, code, or data.

**REQUEST FOR PRODUCTION 14:**

All Documents Regarding the filing and prosecution of the Asserted Patents or Related Patents, Including all draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all Communications Regarding the filing and prosecution of such patent applications.

**REQUEST FOR PRODUCTION 15:**

All Documents kept by any prosecuting attorneys relating to the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 16:**

All Documents Regarding any assertion or suggestion by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff, that another Person should or must license the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 17:**

All source code relating to the conception, development, and reduction to practice of the Asserted Patents or Related Patents or relating to any alleged embodiment of any claim of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 18:**

All Documents Regarding any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 19:**

All licenses or other agreements that relate to rights to the Asserted Patents or Related Patents or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 20:**

All Documents Regarding any license or attempt to license the Asserted Patents or Related Patents, by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff.

**REQUEST FOR PRODUCTION 21:**

All Documents Regarding any comparable licenses that would assist in determining a reasonable royalty applicable to the Asserted Patents.

**REQUEST FOR PRODUCTION 22:**

All Documents Regarding any royalty rate for the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 23:**

All Documents Regarding any efforts to license, sell, monetize, or otherwise generate revenue from the Asserted Patents or Related Patents, Including presentations, mailings, meeting minutes, license negotiations, sales negotiations, claim charts, infringement analyses, validity analyses, notice letters, cease-and-desist letters, offers, draft license agreements, and term sheets.

**REQUEST FOR PRODUCTION 24:**

All Documents Regarding the value to consumers of any features, functionalities, or other technical components allegedly covered by the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 25:**

All Documents Regarding any actual or projected royalties for any license or other agreement relating to the Asserted Patents or Related Patents, in whole or in part, alone or in conjunction with any other patents or intellectual property.

**REQUEST FOR PRODUCTION 26:**

Documents sufficient to show Your licensing policies.

**REQUEST FOR PRODUCTION 27:**

All Documents Regarding any accusation by any Person or Entity that another Person is Infringing or has Infringed the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 28:**

All Documents Regarding any past or present decisions by any Person Regarding whether to assert against any other Person the Asserted Patents or Related Patents, Including any advantages or disadvantages of such assertion, any evaluation of value or risk to Plaintiff of such assertion, and any likelihood of success of such assertion.

**REQUEST FOR PRODUCTION 29:**

All Documents Regarding the decision to assert the Asserted Patents or Related Patents in any litigation, Including all correspondence involving Your or Plaintiff's shareholders, directors, or officers Regarding the decision to file any litigation involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 30:**

All documents concerning any agreement(s) between Uniloc Licensing and any Uniloc Entity concerning the Uniloc 2017-Google litigations.

18

**REQUEST FOR PRODUCTION 31:**

Documents sufficient to show the ownership, assignment, or conveyance of any interest in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 32:**

Documents sufficient to identify each Person having a financial or pecuniary interest in the outcome of Uniloc 2017-Google litigations, as well as the type, nature, percentage, and amount of each Person's interest.

**REQUEST FOR PRODUCTION 33:**

Documents sufficient to show the sales and revenue for Uniloc products, or Third Party products for which Uniloc provided technology that allegedly embody any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION 34:**

All Documents relating to discussions with and among Your or Plaintiff's board members, Including minutes of the Board of Directors, Regarding the Asserted Patents or Related Patents or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 35:**

All Documents reflecting statements between You and any other Person or entity, concerning the patentability, validity, enforceability, scope, interpretation, or valuation of the Asserted Patents, Related Patents, or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 36:**

All Documents Regarding the availability or unavailability of any allegedly non-infringing alternatives to the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 37:**

All Documents concerning any patentability or state of the art search, literature search, validity search, patentability or state of the art analysis, validity analysis, enforceability analysis, unenforceability analysis, invalidity analysis, or infringement analysis related to the Asserted Patents or any Related Patents.

**REQUEST FOR PRODUCTION 38:**

All Documents comprising or Regarding Prior Art Regarding the claimed subject matter of the Asserted Patents or Related Patents or discussing differences or similarities between the Prior Art and any invention disclosed or claimed in the Asserted Patents or Related Patents, Including a copy of each Document identified under "References Cited" in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 39:**

All Documents and Communications Regarding any Prior Art, including Your awareness of Prior Art, the date and circumstances in which You first gained any awareness of Prior Art, and any effort by or on behalf of You to locate Prior Art.

**REQUEST FOR PRODUCTION 40:**

All Documents Regarding the manners or techniques by which any invention that You argue is disclosed by any claim in the Asserted Patents or Related Patents allegedly improved upon Prior Art.

**REQUEST FOR PRODUCTION 41:**

Documents sufficient to show any public knowledge, use, or sale of any subject matter claimed by the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 42:**

All Prior Art disclosed by any potential or actual licensee of the Asserted Patents,

Including in prior litigations, negotiations, or discussions.

**REQUEST FOR PRODUCTION 43:**

All Documents Regarding any sale, offer to sell, use, disclosure, invention, or derivation

of the alleged invention claimed in the Asserted Patents or Related Patents by any Person.

**REQUEST FOR PRODUCTION 44:**

All Documents sent by You to Google through any means of Communication.

**REQUEST FOR PRODUCTION 45:**

All Documents that support or refute any contention that the alleged inventions claimed

in the Asserted Patents are a commercial success, satisfy a long-felt commercial need, achieved

any unexpected results, were subject to an expression of disbelief by experts, were copied by

others, or enjoy any other objective indicia of non-obviousness.

**REQUEST FOR PRODUCTION 46:**

All Documents referring or relating to the marking of any products with the number of

the Asserted Patents, as the term "marking" is used in 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION 47:**

All Documents Regarding the market or demand for the alleged inventions claimed in the

Asserted Patents or Related Patents or the technology of the Asserted Patents or Related Patents,

Including:

(a)  market studies, market surveys, competitive analyses, analyst reports, or any other
     Document prepared by Plaintiff or relating to market expectations and discussions
     or description of the competitive environment;

(b)  forecasts, sales/market projections, business plans, or other Documents reflecting
     Plaintiff's expectations Regarding the market potential for any prototypes, devices,
     or systems that allegedly embody any claim of the Asserted Patents; and

21

> (c)     any device, prototype, physical sample, model, or working model that embodies or otherwise incorporates or uses the subject matter allegedly disclosed or claimed in the Asserted Patents.

## REQUEST FOR PRODUCTION 48:

All Documents and Communications Regarding any license agreement or any other agreement between MPEG LA, LLC and Koninklijke Philips Electronics N.V.

## REQUEST FOR PRODUCTION 49:

All Documents and Communications Regarding the consideration of whether to designate and/or the designation or possible designation of one or more of the Asserted Patents, or any related patents, as essential to any standard, including but not limited to the Advanced Video Coding standard.

## REQUEST FOR PRODUCTION 50:

All Documents evaluating the standard essentiality of any of the Asserted Patents, or any related patents, whether authored by You, Koninklijke Philips Electronics N.V., MPEG LA, LLC, an independent patent expert, or any other individual or entity.

## REQUEST FOR PRODUCTION 51:

All Communications between You, the International Telecommunication Union, the International Organization for Standardization, Koninklijke Philips Electronics N.V., MPEG LA, LLC, and/or any other individual or entity regarding the Advanced Video Coding standard.

## REQUEST FOR PRODUCTION 52:

Documents sufficient to show all relationships between Uniloc Licensing and each of the following entities: Uniloc 2017, Uniloc Lux, Fortress Credit Corp., Fortress Investment, Fortress Credit Co. LLC, CF Uniloc Holdings LLC, Uniloc Licensing, Uniloc Management LLC, Uniloc Corporation PTY Limited, CF DB EZ 2017, and CF DB EZ LLC.

**REQUEST FOR PRODUCTION 53:**

All Documents and Communications between you and any other party, including without limitation any Uniloc Entity or Fortress Entity, relating to the Uniloc 2017-Google litigations, any litigation involving any Asserted Patent or Related Patent, or any potential patent litigation against Google.

**REQUEST FOR PRODUCTION 54:**

All Documents concerning the cure, or failure to cure, of any Event of Default, default, or breach by Uniloc Lux, or any other Uniloc Entity, of any agreement with Fortress Investment, Fortress Credit, or Fortress Credit Corp. from 2013 to the present.

**REQUEST FOR PRODUCTION 55:**

Documents sufficient to show the nature and extent of Uniloc Licensing's operations in Texas and California, including but not limited to any operations in the Eastern District of Texas and the Northern District of California.

**REQUEST FOR PRODUCTION 56:**

Documents sufficient to show the location of Uniloc Licensing's principal place of business.

**REQUEST FOR PRODUCTION 57:**

Documents sufficient to show the locations of all facilities of Uniloc Licensing in Texas and California and a general description of the business operations of those facilities.

**REQUEST FOR PRODUCTION 58:**

Documents sufficient to show the number of employees of Uniloc Licensing in the Eastern District of Texas and the Northern District of California.

**REQUEST FOR PRODUCTION 59:**

Documents sufficient to show the number of employees of Uniloc Licensing in the Northern District of California that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 60:**

Documents sufficient to show the number of employees of Uniloc Licensing in the Eastern District of Texas that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 61:**

Documents sufficient to show any connections that Uniloc Licensing has to California, including but not limited to any connections to the Northern District of California.

**REQUEST FOR PRODUCTION 62:**

Documents sufficient to show any connections that Uniloc Licensing has to Texas, including but not limited to any connections to the Eastern District of Texas.

**REQUEST FOR PRODUCTION 63:**

All Documents sufficient to show the board structure of Uniloc Licensing including, but not limited to, board members, officers, and executives.

**REQUEST FOR PRODUCTION 64:**

All Documents relating to any pleadings, discovery responses, expert reports, discovery requests, deposition transcripts, or other testimony Regarding the Asserted Patents or Related Patents or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 65:**

All Documents or Communications relating to any attempts, whether successful or not, to commercialize, develop products that embody, or otherwise exploit any purported inventions or

technologies disclosed by the Asserted Patents by any person, including the dates of any such attempts, the persons involved, and any related documents.

**REQUEST FOR PRODUCTION 66:**

All Documents relating to the purchase of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 67:**

All Documents relating to the sale or potential sale of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 68:**

All Communications with any Named Inventor concerning any Asserted Patents, Related Patents, Related Patent Portfolio, Google, Android, or any contemplated or actual patent litigation against Google.

**REQUEST FOR PRODUCTION 69:**

All agreements with any Fortress Entity.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

The Asserted Patents or Related Patents.

**TOPIC NO. 2:**

Any inspection, testing, evaluation, or analysis conducted by any Person of any product or service of Google for any purpose by or on behalf of Plaintiff, Including all Documents showing how any product or service of Google compares to one or more claims of the Asserted Patents or Related Patents.

**TOPIC NO. 3:**

Any contention by Plaintiff that any of the Accused Products literally Infringe any claim of the Asserted Patents or Related Patents or Infringe any claim of the Asserted Patents or Related Patents under the doctrine of equivalents.

**TOPIC NO. 4:**

When You or any Uniloc Entity first became aware of the existence of each of the Accused Products, Including Documents Regarding Plaintiff's initial discovery of the alleged Infringement by each of the Accused Products.

**TOPIC NO. 5:**

Any damage or harm allegedly suffered as a result of the sale, offer for sale, or use of any of Google's products, methods, or systems.

**TOPIC NO. 6:**

Any computation, calculation, or estimation of damages, lost profits, or reasonable royalties claimed in this or any action involving the Asserted Patents or Related Patents.

**TOPIC NO. 7:**

Third Parties' Documents that relate to the Asserted Patents or any patent in its chain of priority.

**TOPIC NO. 8:**

Any interest that any Third Party has in the outcome of Uniloc 2017-Google litigations.

**TOPIC NO. 9:**

The filing of Uniloc 2017-Google litigations, or any other lawsuit involving the Asserted Patents or Related Patents, Including Documents Regarding any public announcements, advertisements, letters to the editor, press releases, or correspondence or telephone conferences with customers, prospective customers, distributors, trade journals, professional societies, or other Persons.

**TOPIC NO. 10:**

Communications Regarding any discussions with Third Parties Regarding Infringement of any of the Asserted Patents or Related Patents by Google.

**TOPIC NO. 11:**

Comparisons of how any product or service of any Person or entity compares to one or more claims of the Asserted Patents or Related Patents, Including any claim charts Regarding the Asserted Patents or Related Patents.

**TOPIC NO. 12:**

The alleged conception, any alleged diligence from conception to reduction to practice, and any actual reduction to practice of the alleged inventions claimed in the Asserted Patents or Related Patents, Including inventor notes and any Communications with Third Parties Regarding any of the alleged inventions claimed in the Asserted Patents or Related Patents or each purported inventor's individual contributions thereto.

27

**TOPIC NO. 13:**

The research, design, development, or testing of the subject matter described or claimed in the Asserted Patents or Related Patents, Including all handwritten or typed notes, laboratory notebooks, inventor notebooks, computer programs, code, or data.

**TOPIC NO. 14:**

The filing and prosecution of the Asserted Patents or Related Patents, Including all draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all Communications Regarding the filing and prosecution of such patent applications.

**TOPIC NO. 15:**

Prosecuting attorneys' Documents relating to the Asserted Patents or Related Patents.

**TOPIC NO. 16:**

Any assertion or suggestion by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff, that another Person should or must license the Asserted Patents or Related Patents.

**TOPIC NO. 17:**

Source code relating to the conception, development, and reduction to practice of the Asserted Patents or relating to any alleged embodiment of any claim of the Asserted Patents.

**TOPIC NO. 18:**

Any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Asserted Patents or Related Patents.

**TOPIC NO. 19:**

Licenses or other agreements Plaintiff has entered into with any Person or Third Parties that relate to rights to the Asserted Patents or Related Patents.

**TOPIC NO. 20:**

Any license or attempt to license the Asserted Patents or Related Patents, by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff.

**TOPIC NO. 21:**

Any comparable licenses that would assist in determining a reasonable royalty applicable to the Asserted Patents.

**TOPIC NO. 22:**

Any royalty rate for the Asserted Patents or Related Patents.

**TOPIC NO. 23:**

Any efforts by Plaintiff or any Person or entity acting on behalf of Plaintiff to license, sell, monetize, or otherwise generate revenue from the Asserted Patents, Including presentations, mailings, meeting minutes, license negotiations, sales negotiations, claim charts, infringement analyses, validity analyses, notice letters, cease-and-desist letters, offers, draft license agreements, and term sheets.

**TOPIC NO. 24:**

The value to consumers of any features, functionalities, or other technical components allegedly covered by the Asserted Patents or Related Patents.

**TOPIC NO. 25:**

Any actual or projected royalties for any license or other agreement relating to the Asserted Patents, in whole or in part, alone or in conjunction with any other patents or intellectual property.

**TOPIC NO. 26:**

Your licensing policies.

**TOPIC NO. 27:**

Any accusation by any Person or entity that another Person is Infringing or has Infringed the Asserted Patents or Related Patents.

**TOPIC NO. 28:**

Any past or present decisions by any Person Regarding whether to assert against any other Person the Asserted Patents or Related Patents, Including any advantages or disadvantages of such assertion, any evaluation of value or risk to Plaintiff of such assertion, and any likelihood of success of such assertion.

**TOPIC NO. 29:**

The decision to assert the Asserted Patents or Related Patents in any litigation, Including all correspondence involving Your or Plaintiff's shareholders, directors, or officers Regarding the decision to file any litigation involving the Asserted Patents or Related Patents.

**TOPIC NO. 30:**

The nature and extent of any agreement(s) between Uniloc Licensing and any Uniloc Entity concerning the Uniloc 2017-Google litigations.

**TOPIC NO. 31:**

The ownership, assignment, or conveyance of any interest in the Asserted Patents or Related Patents.

**TOPIC NO. 32:**

Identification of each Person having a financial or pecuniary interest in the outcome of Uniloc 2017-Google litigations, as well as the type, nature, percentage, and amount of each Person's interest.

**TOPIC NO. 33:**

The sales and revenue for Uniloc products, or Third Party products for which Uniloc provided technology, that allegedly embody any claim of the Asserted Patents.

**TOPIC NO. 34:**

Discussions with and among Your or Plaintiff's board members, Including minutes of the Board of Directors, Regarding the Asserted Patents or Related Patents.

**TOPIC NO. 35:**

Statements between You and any other Person or entity concerning the patentability, validity, enforceability, scope, interpretation, or valuation of the Asserted Patents.

**TOPIC NO. 36:**

Documents Regarding the availability or unavailability of any allegedly non-infringing alternatives to the Asserted Patents or Related Patents.

**TOPIC NO. 37:**

Any patentability or state of the art search, literature search, validity search, patentability or state of the art analysis, validity analysis, enforceability analysis, unenforceability analysis, invalidity analysis, or infringement analysis related to the Asserted Patents or any Related Patents.

**TOPIC NO. 38:**

Prior Art Regarding the claimed subject matter of the Asserted Patents or Related Patents or discussing differences or similarities between the Prior Art and any invention disclosed or claimed in the Asserted Patents or Related Patents, Including a copy of each Document identified under "References Cited" in the Asserted Patents or Related Patents.

**TOPIC NO. 39:**

Communications Regarding any Prior Art, including Your awareness of Prior Art, the date and circumstances in which You first gained any awareness of Prior Art, and any effort by or on behalf of You to locate Prior Art.

**TOPIC NO. 40:**

The manners or techniques by which any invention that You argue is disclosed by any claim in the Asserted Patents or Related Patents allegedly improved upon Prior Art.

**TOPIC NO. 41:**

Any public knowledge, use, or sale of any subject matter claimed by the Asserted Patents or Related Patents.

**TOPIC NO. 42:**

Prior Art disclosed by any potential or actual licensee of the Asserted Patents, Including in prior litigations, negotiations, or discussions.

**TOPIC NO. 43:**

Any sale, offer to sell, use, disclosure, invention, or derivation of the alleged invention claimed in the Asserted Patents or Related Patents by any Person.

**TOPIC NO. 44:**

Communications sent by You to Google through any means of Communication.

**TOPIC NO. 45:**

Any contention that the alleged inventions claimed in the Asserted Patents are a commercial success, satisfy a long-felt commercial need, achieved any unexpected results, were subject to an expression of disbelief by experts, were copied by others, or enjoy any other objective indicia of non-obviousness.

**TOPIC NO. 46:**

The marking of any products with the number of the Asserted Patents, as the term

"marking" is used in 35 U.S.C. § 287.

**TOPIC NO. 47:**

The market or demand for the alleged inventions claimed in the Asserted Patents or

Related Patents or the technology of the Asserted Patents or Related Patents, Including:

(a)     market studies, market surveys, competitive analyses, analyst reports, or any other Document prepared by Plaintiff or relating to market expectations and discussions or description of the competitive environment;

(b)     forecasts, sales/market projections, business plans, or other Documents reflecting Plaintiff's expectations Regarding the market potential for any prototypes, devices, or systems that allegedly embody any claim of the Asserted Patents; and

(c)     any device, prototype, physical sample, model, or working model that embodies or otherwise incorporates or uses the subject matter allegedly disclosed or claimed in the Asserted Patents.

**TOPIC NO. 48:**

Communications Regarding any license agreement or any other agreement between

MPEG LA, LLC and Koninklijke Philips Electronics N.V.

**TOPIC NO. 49:**

Communications Regarding the consideration of whether to designate and/or the

designation or possible designation of one or more of the Asserted Patents, or any related

patents, as essential to any standard, including but not limited to the Advanced Video Coding

standard.

**TOPIC NO. 50:**

The standard essentiality of any of the Asserted Patents, or any related patents, whether

authored by You, Koninklijke Philips Electronics N.V., MPEG LA, LLC, an independent patent

expert, or any other individual or entity.

**TOPIC NO. 51:**

Communications between You, the International Telecommunication Union, the International Organization for Standardization, Koninklijke Philips Electronics N.V., MPEG LA, LLC, and/or any other individual or entity regarding the Advanced Video Coding standard.

**TOPIC NO. 52:**

All relationships between Uniloc Licensing and each of the following entities: Uniloc 2017, Uniloc Lux, Fortress Credit Corp., Fortress Investment, Fortress Credit Co. LLC, CF Uniloc Holdings LLC, Uniloc Licensing, Uniloc Management LLC, Uniloc Corporation PTY Limited, CF DB EZ 2017, and CF DB EZ LLC.

**TOPIC NO. 53:**

Communications between you and any other party, including without limitation any Uniloc Entity or Fortress Entity, relating to the Uniloc 2017-Google litigations, any litigation involving any Asserted Patent or Related Patent, or any potential patent litigation against Google.

**TOPIC NO. 54:**

The cure, or failure to cure, of any Event of Default, default, or breach by Uniloc Lux, or any other Uniloc Entity, of any agreement with Fortress Investment, Fortress Credit, or Fortress Credit Corp. from 2013 to the present.

**TOPIC NO. 55:**

The nature and extent of Uniloc Licensing's operations in Texas and California, including but not limited to any operations in the Eastern District of Texas and the Northern District of California.

**TOPIC NO. 56:**

The location of Uniloc Licensing's principal place of business.

34

**TOPIC NO. 57:**

The locations of all facilities of Uniloc Licensing in Texas and California and a general description of the business operations of those facilities.

**TOPIC NO. 58:**

The number of employees of Uniloc Licensing in the Eastern District of Texas and the Northern District of California.

**TOPIC NO. 59:**

The number of employees of Uniloc Licensing in the Northern District of California that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**TOPIC NO. 60:**

The number of employees of Uniloc Licensing in the Eastern District of Texas that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**TOPIC NO. 61:**

Any connections that Uniloc Licensing has to California, including but not limited to any connections to the Northern District of California.

**TOPIC NO. 62:**

Any connections that Uniloc Licensing has to Texas, including but not limited to any connections to the Eastern District of Texas.

**TOPIC NO. 63:**

The board structure of Uniloc Licensing including, but not limited to, board members, officers, and executives.

35

**TOPIC NO. 64:**

Any pleadings, discovery responses, expert reports, discovery requests, deposition transcripts, or other testimony Regarding the Asserted Patents or Related Patents or any Related Patent Portfolio.

**TOPIC NO. 65:**

Communications relating to any attempts, whether successful or not, to commercialize, develop products that embody, or otherwise exploit any purported inventions or technologies disclosed by the Asserted Patents by any person, including the dates of any such attempts, the persons involved, and any related documents.

**TOPIC NO. 66:**

The purchase of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**TOPIC NO. 67:**

The sale or potential sale of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**TOPIC NO. 68:**

Communications with any Named Inventor concerning any Asserted Patents, Related Patents, Related Patent Portfolio, Google, Android, or any contemplated or actual patent litigation against Google.

**TOPIC NO. 69:**

Agreements with any Fortress Entity.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2-18-cv-553 [JRG] |
| | § | |
| GOOGLE LLC, | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Uniloc 2017 LLC and Defendant Google LLC. (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed

clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.  For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," individually and collectively.

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)  outside counsel of record in this Action[2] for the Parties;

---

[2]   This Action means Case No. 2:18-cv-553-JRG

(b) outside counsel's immediate paralegals and staff working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to one in-house counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d) [intentionally left blank]

(e) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Materials as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Materials, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this

Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database or databases) and/or live data (that is, data as it exists residing in a database or databases), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Source Code Material").

9.   For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.  For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN", an intranet or the Internet) and a display screen or monitor of a size of at least seventeen inches in a secured locked room.  The stand-alone computer(s) may only be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (i and l) below. The stand-alone computers shall, at the receiving party's request, include reasonable analysis tools for the type of Source Code Material. The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use so that the producing Party may install

such tools on the stand-alone computers. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way.

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. The Parties agree to cooperate in good faith regarding accommodating review of a Party's HIGHLY CONFIDENTIAL SOURCE CODE;

(c) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5 (e) above. A Receiving Party may if necessary include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that any such documents are appropriately marked as containing Source Code Material under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

(f) To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g) Except as set forth in paragraph 10(l) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders

(i) The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party ("Source Code Printouts"), but no more than 50 consecutive pages, and no more than an aggregate total of 750 pages and only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) and only to the extent necessary for use in this action. To the extent Receiving Party requires an aggregate total of more than 750 pages of source code, the Receiving Party shall make such request, and the Parties shall meet and confer in an effort to reach an agreement to produce an agreed number of additional pages. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party;

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(k) If the Receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition), provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(l) A Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE may only be transported by the Receiving Party by a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or depositions as set forth in paragraph 10(h) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m) The Receiving party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion).

(n) A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the Receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the Producing Party. The Receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall

include the names and titles for every individual from the Receiving Party who will attend the inspection. The Producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(o) The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a Producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code; and

(p) All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.     Any attorney representing Plaintiffs, whether in-house or outside counsel, and any

person associated with Plaintiffs and permitted to receive the other Party's Protected

Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical

information relevant to the case, but excluding financial data or non-technical business

information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), who

obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY

SENSITIVE TECHNICAL MATERIAL, under this Order, shall not prepare,

prosecute, supervise, or assist in the preparation or prosecution of any patent

application pertaining to the field of invention of the patents-in-suit on behalf of the

Receiving Party or its acquirer, successor, predecessor, or other affiliate during the

pendency of this Action and for one year after its conclusion, including any appeals, or

two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL

MATERIAL, whichever is earlier.  These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, Plaintiffs shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE TECHNICAL MATERIAL, and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the accused functionality.

12.   [OMITTED]

13.   Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated HIGHLY CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be

amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations or by leave of court after good cause has been shown.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or

entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[7]  Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the Designating Party that the courtroom be sealed, if allowed by the Court, during the

---

[7]  In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE".

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED

MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action

("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the

producing Party's request.

26. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

   **So ORDERED and SIGNED this 24th day of July, 2019.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC et al. | § | CIVIL ACTION NO. 2-18-cv-553 |
|     Plaintiffs, | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | § | |
|     Defendant. | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.　　My address is _____.

　　　My current employer is _____.

　　　My current occupation is _____.

2.　　I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.　　I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.　　Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared

relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# EXHIBIT 2

WRITER'S DIRECT DIAL NO.
**(903) 525-2239**

WRITER'S EMAIL ADDRESS
**mikejones@potterminton.com**

February 13, 2020

Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Jim@EtheridgeLaw.com

Re:     ***Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552-JRG (E.D. Tex.)**

Dear Counsel:

We write regarding Google LLC's ("Google") subpoenas to Uniloc Licensing USA, LLC ("Uniloc Licensing") in the above captioned cases.  Out of an abundance of caution, Google is serving the Uniloc Licensing USA subpoenas with the subpoena forms identifying all the above captioned cases.  The original subpoenas noticed the above captioned cases; however, the subpoena form did not.  Other than identifying all of the above captioned cases, the subpoenas are identical to the subpoena served for the -553 case on December 19, 2019.  We are serving a corrected form to ensure that the above captioned cases all benefit from any discovery produced in response to the Uniloc Licensing subpoenas.

Very truly yours,

Michael E. Jones

MJ

Regards,

*/s/Michael E. Jones*

cc:     Counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, | |
| Plaintiff, | Civil Action No. 2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552 |
| v. | |
| GOOGLE LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## **DEFENDANT GOOGLE LLC'S NOTICE OF SUBPOENA TO UNILOC LICENSING USA LLC**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Google LLC ("Defendant" or "Google"), by and through its counsel, requests documents from Uniloc Licensing USA LLC ("Uniloc Licensing") according to the subpoenas attached hereto as Exhibit A.  Any production will be protected by the operative protective order.

1

Dated: February 13, 2020

Respectfully submitted,

*/s/Michael E. Jones*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic

service are being served with a copy of this document via e-mail on February 13, 2020.

*/s/Sean Damon*
Sean Damon

# <u>EXHIBIT A</u>

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Texas

| | | |
|---|---|---|
| Uniloc 2017 LLC | ) | 2:18-cv-00491, -492, -493, |
| *Plaintiff* | ) | -496, -497, -499, -501, |
| v. | ) | Civil Action No.  -502, -503, -504, |
| Google LLC | ) | -548, -550, -551, -552 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Uniloc Licensing USA LLC c/o The Trust Company
              Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801
              *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A.

| Place:  Attn: Jack Blumenfeld | Date and Time: |
|---|---|
| Morris Nichols Arsht & Tunnell | 02/25/2020 9:00 am |
| 1201 N. Market St. #1600, Wilmington, DE 19801 | |

The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/13/2020

              *CLERK OF COURT*

                                          OR

                                                    /s/ Michael E. Jones
_____                    _____
  *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Google LLC
_____, who issues or requests this subpoena, are:

Michael E. Jones, 110 North College, 500 Plaza Tower, Tyler, TX 75702, mikejones@potterminton.com, 903-525-2239

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504,
-548, -550, -551, -552

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

       I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

       ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____  ; or

       ❒ I returned the subpoena unexecuted because: _____

_____  .

       Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

       $ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___  .

       I declare under penalty of perjury that this information is true.

Date: _____

                         _____
                                     *Server's signature*

                         _____
                                     *Printed name and title*

                         _____
                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | | |
|---|---|---|
| Uniloc 2017 LLC | ) | |
| *Plaintiff* | ) | 2:18-cv-00491, -492, -493, |
| v. | ) | -496, -497, -499, -501, |
| | ) | -502, -503, -504, |
| Google LLC | ) | -548, -550, -551, -552 |
| *Defendant* | ) | |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Uniloc Licensing USA LLC c/o The Trust Company
Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

  See Attachment A.

| Place: Attn: Jack Blumenfeld | Date and Time: |
|---|---|
| Morris Nichols Arsht & Tunnell | |
| 1201 N. Market St. #1600 Wilmington, DE 19801 | 02/20/2020 9:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/13/2020

CLERK OF COURT

                                                   OR

_____          s/ Michael E. Jones
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*

                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.      The requests, as well as the instructions provided below, are subject to and incorporate the following definitions and instructions as used herein, regardless of whether upper or lower case letters are used:

2.      "Uniloc Licensing," "you," or "your" means Uniloc Licensing USA LLC, including its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all of Uniloc Licensing's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, or controlled by, or under common control with Uniloc Licensing, and all predecessors and successors in interest to such entities.

3.      "Plaintiff" or "Uniloc" means Uniloc 2017 LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

4.      "Defendant" or "Google" means Google LLC, its officers, directors, members, principals, employees, agents, representatives, affiliates, or others acting on Google LLC's behalf.

5.      "Uniloc 2017-Google litigations" means *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-491 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-492 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-493 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-496 (E.D.

6

Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-497 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-499 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-500 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-501 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-502 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-503 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-504 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-548 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-549 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-550 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-551 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-552 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18-cv-553 (E.D. Tex.).

6.      "Asserted Patents" means United States Patent Nos. 6,253,201; 6,329,934; 6,349,154; 6,366,908; 6,452,515; 6,473,114; 6,622,018; 6,628,712; 6,836,654; 6,952,450; 7,012,960; 8,194,632; 8,407,609; 8,949,954; 9,141,489; and 9,564,952. "Asserted Patent" means any one of the Asserted Patents.

7.      "Related Patents" means (1) any United States or foreign patent or patent application related to any Asserted Patent by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications of thereof, and/or (3) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein. "Related Patent" means one of the Related Patents.

8.      "Related Patent Portfolio" means any portfolio or other aggregation of assets that includes, in part or in whole, at least one Asserted Patent or any Related Patent.

9.      "Named Inventor" means any person persons named as an inventor on the face of any Asserted Patent or Related Patent.

10.     "Accused Products" means Google's products or services that Plaintiff accuses of infringement in the Uniloc 2017-Google litigations:  Hangouts, Youtube, Pixel, SAS, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Cloud M&E, Chromecast, Google Play, Google Cloud Load Balancer, Google 2-Step Verification, Google Photos, Google Lens, Google (Reverse) Image Search; Google Cloud Vision API, Google AutoML Vision, Nearby Messages API, Google Tone, Featured Snippets.

11.     "Fortress Investment" means Fortress Investment Group and its officers, directors, current and former employees, counsel agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Fortress Investment Group's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Fortress Investment Group and all predecessors and successors in interest to such entities.

12.     "Fortress" means Fortress Credit Co LLC and its officers, directors, current and former employees, counsel agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Fortress Credit Co LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Fortress Credit Co LLC and all predecessors and successors in interest to such entities.

13.     "Uniloc Entities" means Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc Luxembourg S.A. ("Uniloc Lux"), Uniloc Corporation PTY Limited, and CF Uniloc Holdings LLC ("CF Uniloc"), Uniloc Management LLC, and Uniloc Licensing USA LLC ("Uniloc Licensing"), including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether

8

foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities.  "Uniloc Entity" means any one of the Uniloc entities.

14.      "Fortress Entities" includes Fortress Credit Co LLC ("Fortress"), Fortress Investment Group ("Fortress Investment"). Fortress Credit Corp., CF DB EZ 2017 LLC, and CF DB EZ LLC, including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities.  "Fortress Entity" means any one of the Fortress Entities.

15.      "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence of absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries

of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

16.　　"Source code" means source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

17.　　"Executable software" means computer files containing encoded instructions capable of being executed by a processing unit (e.g., a central processing unit or microcontroller), and any release notes describing the features or modifications of such files.  The term shall include, without limitation, firmware and executable binary files.

18.　　"Communication" means, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including electronic communications and electronic mail.

19.　　"Person" means individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

20.　　"Concerning" and "Relating to" mean relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting

on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

21.     "Thing" means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

22.     "Refer to," "referring to," "relate to," "related to," "relating to," "regarding," or "concerning" means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon, pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

23.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

24.     The terms "any," "all," "every," and "each" each means and includes the other.

25.     The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

26.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27.     "Include" and "including" mean including without limitation.

28.     The provision of definitions set forth herein shall not be construed to be an admission that identical or similar terms in the claims of the patent-in-suit should receive such construction and shall have no binding effect on Google in this or any other proceeding.

## **INSTRUCTIONS**

1.      This subpoena seeks documents or things in existence as of the date of service

hereof and to the full extent permitted by the Federal Rules of Civil Procedure.

2.      This subpoena shall apply to all documents or things in your possession, custody

or control as of the date of service hereof or coming into your possession, custody, or control

before the date of the production.

3.      If any portion of a document or thing is responsive to a request, the entire document

or thing shall be produced, redacting only privileged material if any.

4.      You are to produce the original and each non-identical copy of each document or

things requested herein that is in your possession, custody or control.

5.      Documents produced pursuant to these requests shall be produced in the original

files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped, or

otherwise fastened together shall be produced in that form.

6.      Things produced pursuant to these requests shall be produced in their present form

and shall not be changed or modified in any way.

7.      In the event that any documents or things called for by these requests or subsequent

requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that

document or thing is to be identified by stating:

    a.   the author(s), addressee(s) and any indicated or blind copyee(s);

    b.   the document's or thing's date, number of pages and attachments or

    c.   appendices;

    d.   the subject matter(s) of the document or thing;

    e.   the nature of the privilege or immunity asserted; and

12

> f.  any additional facts upon which you would base your claim of privilege or immunity.

8.     If any of the documents or things are considered "confidential" such documents or things should be produced subject to the terms and provisions of the protective order entered in this case. A copy of the protective order is attached as Exhibit 1.

9.     If no documents or things are responsive to a particular request, you are to state that no responsive documents or things exist.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents Regarding the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 2:**

All Documents Regarding any inspection, testing, evaluation, or analysis conducted by any Person of any product or service of Google for any purpose by or on behalf of Plaintiff, Including all Documents showing how any product or service of Google compares to one or more claims of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 3:**

All Documents that support or refute any contention that any of the Accused Products literally Infringe any claim of the Asserted Patents or Related Patents or Infringe any claim of the Asserted Patents or Related Patents under the doctrine of equivalents.

**REQUEST FOR PRODUCTION 4:**

Documents sufficient to show when You or any Uniloc Entity first became aware of the existence of each of the Accused Products, Including Documents sufficient to show Plaintiff's initial discovery of the alleged Infringement by each of the Accused Products.

**REQUEST FOR PRODUCTION 5:**

All Documents Regarding any damage or harm allegedly suffered as a result of the sale, offer for sale, or use of any of Google's products, methods, or systems.

**REQUEST FOR PRODUCTION 6:**

All Documents Regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties claimed in this or any action involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 7:**

All Documents that You have received from Third Parties that relate to the Asserted

Patents or any patent in its chain of priority.

**REQUEST FOR PRODUCTION 8:**

Documents sufficient to show any interest that any Third Party has in the outcome of

Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 9:**

All Documents Regarding the filing of Uniloc 2017-Google litigations, or any other

lawsuit involving the Asserted Patents or Related Patents, Including Documents Regarding any

public announcements, advertisements, letters to the editor, press releases, or correspondence or

telephone conferences with customers, prospective customers, distributors, trade journals,

professional societies, or other Persons.

**REQUEST FOR PRODUCTION 10:**

All Documents and Communications Regarding any discussions with Third Parties

Regarding Infringement of any of the Asserted Patents or Related Patents by Google.

**REQUEST FOR PRODUCTION 11:**

All Documents showing how any product or service of any Person or entity compares to

one or more claims of the Asserted Patents or Related Patents, Including any claim charts

Regarding the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 12:**

All Documents Regarding the alleged conception, any alleged diligence from conception

to reduction to practice, and any actual reduction to practice of the alleged inventions claimed in

the Asserted Patents or Related Patents, Including inventor notes and any Communications with

Third Parties Regarding any of the alleged inventions claimed in the Asserted Patents or Related Patents or each purported inventor's individual contributions thereto.

**REQUEST FOR PRODUCTION 13:**

    All Documents Regarding the research, design, development, or testing of the subject matter described or claimed in the Asserted Patents or Related Patents, Including all handwritten or typed notes, laboratory notebooks, inventor notebooks, computer programs, code, or data.

**REQUEST FOR PRODUCTION 14:**

    All Documents Regarding the filing and prosecution of the Asserted Patents or Related Patents, Including all draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all Communications Regarding the filing and prosecution of such patent applications.

**REQUEST FOR PRODUCTION 15:**

    All Documents kept by any prosecuting attorneys relating to the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 16:**

    All Documents Regarding any assertion or suggestion by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff, that another Person should or must license the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 17:**

    All source code relating to the conception, development, and reduction to practice of the Asserted Patents or Related Patents or relating to any alleged embodiment of any claim of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 18:**

All Documents Regarding any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 19:**

All licenses or other agreements that relate to rights to the Asserted Patents or Related Patents or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 20:**

All Documents Regarding any license or attempt to license the Asserted Patents or Related Patents, by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff.

**REQUEST FOR PRODUCTION 21:**

All Documents Regarding any comparable licenses that would assist in determining a reasonable royalty applicable to the Asserted Patents.

**REQUEST FOR PRODUCTION 22:**

All Documents Regarding any royalty rate for the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 23:**

All Documents Regarding any efforts to license, sell, monetize, or otherwise generate revenue from the Asserted Patents or Related Patents, Including presentations, mailings, meeting minutes, license negotiations, sales negotiations, claim charts, infringement analyses, validity analyses, notice letters, cease-and-desist letters, offers, draft license agreements, and term sheets.

**REQUEST FOR PRODUCTION 24:**

All Documents Regarding the value to consumers of any features, functionalities, or other technical components allegedly covered by the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 25:**

All Documents Regarding any actual or projected royalties for any license or other agreement relating to the Asserted Patents or Related Patents, in whole or in part, alone or in conjunction with any other patents or intellectual property.

**REQUEST FOR PRODUCTION 26:**

Documents sufficient to show Your licensing policies.

**REQUEST FOR PRODUCTION 27:**

All Documents Regarding any accusation by any Person or Entity that another Person is Infringing or has Infringed the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 28:**

All Documents Regarding any past or present decisions by any Person Regarding whether to assert against any other Person the Asserted Patents or Related Patents, Including any advantages or disadvantages of such assertion, any evaluation of value or risk to Plaintiff of such assertion, and any likelihood of success of such assertion.

**REQUEST FOR PRODUCTION 29:**

All Documents Regarding the decision to assert the Asserted Patents or Related Patents in any litigation, Including all correspondence involving Your or Plaintiff's shareholders, directors, or officers Regarding the decision to file any litigation involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 30:**

All documents concerning any agreement(s) between Uniloc Licensing and any Uniloc Entity concerning the Uniloc 2017-Google litigations.

18

**REQUEST FOR PRODUCTION 31:**

Documents sufficient to show the ownership, assignment, or conveyance of any interest in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 32:**

Documents sufficient to identify each Person having a financial or pecuniary interest in the outcome of Uniloc 2017-Google litigations, as well as the type, nature, percentage, and amount of each Person's interest.

**REQUEST FOR PRODUCTION 33:**

Documents sufficient to show the sales and revenue for Uniloc products, or Third Party products for which Uniloc provided technology that allegedly embody any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION 34:**

All Documents relating to discussions with and among Your or Plaintiff's board members, Including minutes of the Board of Directors, Regarding the Asserted Patents or Related Patents or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 35:**

All Documents reflecting statements between You and any other Person or entity, concerning the patentability, validity, enforceability, scope, interpretation, or valuation of the Asserted Patents, Related Patents, or Related Patent Portfolio.

**REQUEST FOR PRODUCTION 36:**

All Documents Regarding the availability or unavailability of any allegedly non-infringing alternatives to the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 37:**

All Documents concerning any patentability or state of the art search, literature search, validity search, patentability or state of the art analysis, validity analysis, enforceability analysis, unenforceability analysis, invalidity analysis, or infringement analysis related to the Asserted Patents or any Related Patents.

**REQUEST FOR PRODUCTION 38:**

All Documents comprising or Regarding Prior Art Regarding the claimed subject matter of the Asserted Patents or Related Patents or discussing differences or similarities between the Prior Art and any invention disclosed or claimed in the Asserted Patents or Related Patents, Including a copy of each Document identified under "References Cited" in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 39:**

All Documents and Communications Regarding any Prior Art, including Your awareness of Prior Art, the date and circumstances in which You first gained any awareness of Prior Art, and any effort by or on behalf of You to locate Prior Art.

**REQUEST FOR PRODUCTION 40:**

All Documents Regarding the manners or techniques by which any invention that You argue is disclosed by any claim in the Asserted Patents or Related Patents allegedly improved upon Prior Art.

**REQUEST FOR PRODUCTION 41:**

Documents sufficient to show any public knowledge, use, or sale of any subject matter claimed by the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION 42:**

All Prior Art disclosed by any potential or actual licensee of the Asserted Patents,

Including in prior litigations, negotiations, or discussions.

**REQUEST FOR PRODUCTION 43:**

All Documents Regarding any sale, offer to sell, use, disclosure, invention, or derivation

of the alleged invention claimed in the Asserted Patents or Related Patents by any Person.

**REQUEST FOR PRODUCTION 44:**

All Documents sent by You to Google through any means of Communication.

**REQUEST FOR PRODUCTION 45:**

All Documents that support or refute any contention that the alleged inventions claimed

in the Asserted Patents are a commercial success, satisfy a long-felt commercial need, achieved

any unexpected results, were subject to an expression of disbelief by experts, were copied by

others, or enjoy any other objective indicia of non-obviousness.

**REQUEST FOR PRODUCTION 46:**

All Documents referring or relating to the marking of any products with the number of

the Asserted Patents, as the term "marking" is used in 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION 47:**

All Documents Regarding the market or demand for the alleged inventions claimed in the

Asserted Patents or Related Patents or the technology of the Asserted Patents or Related Patents,

Including:

(a)     market studies, market surveys, competitive analyses, analyst reports, or any other
        Document prepared by Plaintiff or relating to market expectations and discussions
        or description of the competitive environment;

(b)     forecasts, sales/market projections, business plans, or other Documents reflecting
        Plaintiff's expectations Regarding the market potential for any prototypes, devices,
        or systems that allegedly embody any claim of the Asserted Patents; and

21

(c)     any device, prototype, physical sample, model, or working model that embodies or
otherwise incorporates or uses the subject matter allegedly disclosed or claimed in
the Asserted Patents.

## REQUEST FOR PRODUCTION 48:

All Documents and Communications Regarding any license agreement or any other

agreement between MPEG LA, LLC and Koninklijke Philips Electronics N.V.

## REQUEST FOR PRODUCTION 49:

All Documents and Communications Regarding the consideration of whether to designate

and/or the designation or possible designation of one or more of the Asserted Patents, or any

related patents, as essential to any standard, including but not limited to the Advanced Video

Coding standard.

## REQUEST FOR PRODUCTION 50:

All Documents evaluating the standard essentiality of any of the Asserted Patents, or any

related patents, whether authored by You, Koninklijke Philips Electronics N.V., MPEG LA,

LLC, an independent patent expert, or any other individual or entity.

## REQUEST FOR PRODUCTION 51:

All Communications between You, the International Telecommunication Union, the

International Organization for Standardization, Koninklijke Philips Electronics N.V., MPEG LA,

LLC, and/or any other individual or entity regarding the Advanced Video Coding standard.

## REQUEST FOR PRODUCTION 52:

Documents sufficient to show all relationships between Uniloc Licensing and each of the

following entities: Uniloc 2017, Uniloc Lux, Fortress Credit Corp., Fortress Investment, Fortress

Credit Co. LLC, CF Uniloc Holdings LLC, Uniloc Licensing, Uniloc Management LLC, Uniloc

Corporation PTY Limited, CF DB EZ 2017, and CF DB EZ LLC.

**REQUEST FOR PRODUCTION 53:**

All Documents and Communications between you and any other party, including without

limitation any Uniloc Entity or Fortress Entity, relating to the Uniloc 2017-Google litigations,

any litigation involving any Asserted Patent or Related Patent, or any potential patent litigation

against Google.

**REQUEST FOR PRODUCTION 54:**

All Documents concerning the cure, or failure to cure, of any Event of Default, default, or

breach by Uniloc Lux, or any other Uniloc Entity, of any agreement with Fortress Investment,

Fortress Credit, or Fortress Credit Corp. from 2013 to the present.

**REQUEST FOR PRODUCTION 55:**

Documents sufficient to show the nature and extent of Uniloc Licensing's operations in

Texas and California, including but not limited to any operations in the Eastern District of Texas

and the Northern District of California.

**REQUEST FOR PRODUCTION 56:**

Documents sufficient to show the location of Uniloc Licensing's principal place of

business.

**REQUEST FOR PRODUCTION 57:**

Documents sufficient to show the locations of all facilities of Uniloc Licensing in Texas

and California and a general description of the business operations of those facilities.

**REQUEST FOR PRODUCTION 58:**

Documents sufficient to show the number of employees of Uniloc Licensing in the

Eastern District of Texas and the Northern District of California.

**REQUEST FOR PRODUCTION 59:**

Documents sufficient to show the number of employees of Uniloc Licensing in the

Northern District of California that have knowledge of any of the Asserted Patents and/or

accused technology in the Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 60:**

Documents sufficient to show the number of employees of Uniloc Licensing in the

Eastern District of Texas that have knowledge of any of the Asserted Patents and/or accused

technology in the Uniloc 2017-Google litigations.

**REQUEST FOR PRODUCTION 61:**

Documents sufficient to show any connections that Uniloc Licensing has to California,

including but not limited to any connections to the Northern District of California.

**REQUEST FOR PRODUCTION 62:**

Documents sufficient to show any connections that Uniloc Licensing has to Texas,

including but not limited to any connections to the Eastern District of Texas.

**REQUEST FOR PRODUCTION 63:**

All Documents sufficient to show the board structure of Uniloc Licensing including, but

not limited to, board members, officers, and executives.

**REQUEST FOR PRODUCTION 64:**

All Documents relating to any pleadings, discovery responses, expert reports, discovery

requests, deposition transcripts, or other testimony Regarding the Asserted Patents or Related

Patents or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 65:**

All Documents or Communications relating to any attempts, whether successful or not, to

commercialize, develop products that embody, or otherwise exploit any purported inventions or

24

technologies disclosed by the Asserted Patents by any person, including the dates of any such attempts, the persons involved, and any related documents.

**REQUEST FOR PRODUCTION 66:**

All Documents relating to the purchase of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 67:**

All Documents relating to the sale or potential sale of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**REQUEST FOR PRODUCTION 68:**

All Communications with any Named Inventor concerning any Asserted Patents, Related Patents, Related Patent Portfolio, Google, Android, or any contemplated or actual patent litigation against Google.

**REQUEST FOR PRODUCTION 69:**

All agreements with any Fortress Entity.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

The Asserted Patents or Related Patents.

**TOPIC NO. 2:**

Any inspection, testing, evaluation, or analysis conducted by any Person of any product or service of Google for any purpose by or on behalf of Plaintiff, Including all Documents showing how any product or service of Google compares to one or more claims of the Asserted Patents or Related Patents.

**TOPIC NO. 3:**

Any contention by Plaintiff that any of the Accused Products literally Infringe any claim of the Asserted Patents or Related Patents or Infringe any claim of the Asserted Patents or Related Patents under the doctrine of equivalents.

**TOPIC NO. 4:**

When You or any Uniloc Entity first became aware of the existence of each of the Accused Products, Including Documents Regarding Plaintiff's initial discovery of the alleged Infringement by each of the Accused Products.

**TOPIC NO. 5:**

Any damage or harm allegedly suffered as a result of the sale, offer for sale, or use of any of Google's products, methods, or systems.

**TOPIC NO. 6:**

Any computation, calculation, or estimation of damages, lost profits, or reasonable royalties claimed in this or any action involving the Asserted Patents or Related Patents.

**TOPIC NO. 7:**

Third Parties' Documents that relate to the Asserted Patents or any patent in its chain of priority.

**TOPIC NO. 8:**

Any interest that any Third Party has in the outcome of Uniloc 2017-Google litigations.

**TOPIC NO. 9:**

The filing of Uniloc 2017-Google litigations, or any other lawsuit involving the Asserted Patents or Related Patents, Including Documents Regarding any public announcements, advertisements, letters to the editor, press releases, or correspondence or telephone conferences with customers, prospective customers, distributors, trade journals, professional societies, or other Persons.

**TOPIC NO. 10:**

Communications Regarding any discussions with Third Parties Regarding Infringement of any of the Asserted Patents or Related Patents by Google.

**TOPIC NO. 11:**

Comparisons of how any product or service of any Person or entity compares to one or more claims of the Asserted Patents or Related Patents, Including any claim charts Regarding the Asserted Patents or Related Patents.

**TOPIC NO. 12:**

The alleged conception, any alleged diligence from conception to reduction to practice, and any actual reduction to practice of the alleged inventions claimed in the Asserted Patents or Related Patents, Including inventor notes and any Communications with Third Parties Regarding any of the alleged inventions claimed in the Asserted Patents or Related Patents or each purported inventor's individual contributions thereto.

**TOPIC NO. 13:**

The research, design, development, or testing of the subject matter described or claimed in the Asserted Patents or Related Patents, Including all handwritten or typed notes, laboratory notebooks, inventor notebooks, computer programs, code, or data.

**TOPIC NO. 14:**

The filing and prosecution of the Asserted Patents or Related Patents, Including all draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all Communications Regarding the filing and prosecution of such patent applications.

**TOPIC NO. 15:**

Prosecuting attorneys' Documents relating to the Asserted Patents or Related Patents.

**TOPIC NO. 16:**

Any assertion or suggestion by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff, that another Person should or must license the Asserted Patents or Related Patents.

**TOPIC NO. 17:**

Source code relating to the conception, development, and reduction to practice of the Asserted Patents or relating to any alleged embodiment of any claim of the Asserted Patents.

**TOPIC NO. 18:**

Any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Asserted Patents or Related Patents.

**TOPIC NO. 19:**

Licenses or other agreements Plaintiff has entered into with any Person or Third Parties that relate to rights to the Asserted Patents or Related Patents.

**TOPIC NO. 20:**

Any license or attempt to license the Asserted Patents or Related Patents, by any Person, Including Plaintiff or any Person acting on behalf of Plaintiff.

**TOPIC NO. 21:**

Any comparable licenses that would assist in determining a reasonable royalty applicable to the Asserted Patents.

**TOPIC NO. 22:**

Any royalty rate for the Asserted Patents or Related Patents.

**TOPIC NO. 23:**

Any efforts by Plaintiff or any Person or entity acting on behalf of Plaintiff to license, sell, monetize, or otherwise generate revenue from the Asserted Patents, Including presentations, mailings, meeting minutes, license negotiations, sales negotiations, claim charts, infringement analyses, validity analyses, notice letters, cease-and-desist letters, offers, draft license agreements, and term sheets.

**TOPIC NO. 24:**

The value to consumers of any features, functionalities, or other technical components allegedly covered by the Asserted Patents or Related Patents.

**TOPIC NO. 25:**

Any actual or projected royalties for any license or other agreement relating to the Asserted Patents, in whole or in part, alone or in conjunction with any other patents or intellectual property.

**TOPIC NO. 26:**

Your licensing policies.

**TOPIC NO. 27:**

Any accusation by any Person or entity that another Person is Infringing or has Infringed the Asserted Patents or Related Patents.

**TOPIC NO. 28:**

Any past or present decisions by any Person Regarding whether to assert against any other Person the Asserted Patents or Related Patents, Including any advantages or disadvantages of such assertion, any evaluation of value or risk to Plaintiff of such assertion, and any likelihood of success of such assertion.

**TOPIC NO. 29:**

The decision to assert the Asserted Patents or Related Patents in any litigation, Including all correspondence involving Your or Plaintiff's shareholders, directors, or officers Regarding the decision to file any litigation involving the Asserted Patents or Related Patents.

**TOPIC NO. 30:**

The nature and extent of any agreement(s) between Uniloc Licensing and any Uniloc Entity concerning the Uniloc 2017-Google litigations.

**TOPIC NO. 31:**

The ownership, assignment, or conveyance of any interest in the Asserted Patents or Related Patents.

**TOPIC NO. 32:**

Identification of each Person having a financial or pecuniary interest in the outcome of Uniloc 2017-Google litigations, as well as the type, nature, percentage, and amount of each Person's interest.

**TOPIC NO. 33:**

The sales and revenue for Uniloc products, or Third Party products for which Uniloc provided technology, that allegedly embody any claim of the Asserted Patents.

**TOPIC NO. 34:**

Discussions with and among Your or Plaintiff's board members, Including minutes of the Board of Directors, Regarding the Asserted Patents or Related Patents.

**TOPIC NO. 35:**

Statements between You and any other Person or entity concerning the patentability, validity, enforceability, scope, interpretation, or valuation of the Asserted Patents.

**TOPIC NO. 36:**

Documents Regarding the availability or unavailability of any allegedly non-infringing alternatives to the Asserted Patents or Related Patents.

**TOPIC NO. 37:**

Any patentability or state of the art search, literature search, validity search, patentability or state of the art analysis, validity analysis, enforceability analysis, unenforceability analysis, invalidity analysis, or infringement analysis related to the Asserted Patents or any Related Patents.

**TOPIC NO. 38:**

Prior Art Regarding the claimed subject matter of the Asserted Patents or Related Patents or discussing differences or similarities between the Prior Art and any invention disclosed or claimed in the Asserted Patents or Related Patents, Including a copy of each Document identified under "References Cited" in the Asserted Patents or Related Patents.

**TOPIC NO. 39:**

Communications Regarding any Prior Art, including Your awareness of Prior Art, the date and circumstances in which You first gained any awareness of Prior Art, and any effort by or on behalf of You to locate Prior Art.

**TOPIC NO. 40:**

The manners or techniques by which any invention that You argue is disclosed by any claim in the Asserted Patents or Related Patents allegedly improved upon Prior Art.

**TOPIC NO. 41:**

Any public knowledge, use, or sale of any subject matter claimed by the Asserted Patents or Related Patents.

**TOPIC NO. 42:**

Prior Art disclosed by any potential or actual licensee of the Asserted Patents, Including in prior litigations, negotiations, or discussions.

**TOPIC NO. 43:**

Any sale, offer to sell, use, disclosure, invention, or derivation of the alleged invention claimed in the Asserted Patents or Related Patents by any Person.

**TOPIC NO. 44:**

Communications sent by You to Google through any means of Communication.

**TOPIC NO. 45:**

Any contention that the alleged inventions claimed in the Asserted Patents are a commercial success, satisfy a long-felt commercial need, achieved any unexpected results, were subject to an expression of disbelief by experts, were copied by others, or enjoy any other objective indicia of non-obviousness.

**TOPIC NO. 46:**

The marking of any products with the number of the Asserted Patents, as the term

"marking" is used in 35 U.S.C. § 287.

**TOPIC NO. 47:**

The market or demand for the alleged inventions claimed in the Asserted Patents or

Related Patents or the technology of the Asserted Patents or Related Patents, Including:

   (a)   market studies, market surveys, competitive analyses, analyst reports, or any other
         Document prepared by Plaintiff or relating to market expectations and discussions
         or description of the competitive environment;

   (b)   forecasts, sales/market projections, business plans, or other Documents reflecting
         Plaintiff's expectations Regarding the market potential for any prototypes, devices,
         or systems that allegedly embody any claim of the Asserted Patents; and

   (c)   any device, prototype, physical sample, model, or working model that embodies or
         otherwise incorporates or uses the subject matter allegedly disclosed or claimed in
         the Asserted Patents.

**TOPIC NO. 48:**

Communications Regarding any license agreement or any other agreement between

MPEG LA, LLC and Koninklijke Philips Electronics N.V.

**TOPIC NO. 49:**

Communications Regarding the consideration of whether to designate and/or the

designation or possible designation of one or more of the Asserted Patents, or any related

patents, as essential to any standard, including but not limited to the Advanced Video Coding

standard.

**TOPIC NO. 50:**

The standard essentiality of any of the Asserted Patents, or any related patents, whether

authored by You, Koninklijke Philips Electronics N.V., MPEG LA, LLC, an independent patent

expert, or any other individual or entity.

**TOPIC NO. 51:**

Communications between You, the International Telecommunication Union, the International Organization for Standardization, Koninklijke Philips Electronics N.V., MPEG LA, LLC, and/or any other individual or entity regarding the Advanced Video Coding standard.

**TOPIC NO. 52:**

All relationships between Uniloc Licensing and each of the following entities: Uniloc 2017, Uniloc Lux, Fortress Credit Corp., Fortress Investment, Fortress Credit Co. LLC, CF Uniloc Holdings LLC, Uniloc Licensing, Uniloc Management LLC, Uniloc Corporation PTY Limited, CF DB EZ 2017, and CF DB EZ LLC.

**TOPIC NO. 53:**

Communications between you and any other party, including without limitation any Uniloc Entity or Fortress Entity, relating to the Uniloc 2017-Google litigations, any litigation involving any Asserted Patent or Related Patent, or any potential patent litigation against Google.

**TOPIC NO. 54:**

The cure, or failure to cure, of any Event of Default, default, or breach by Uniloc Lux, or any other Uniloc Entity, of any agreement with Fortress Investment, Fortress Credit, or Fortress Credit Corp. from 2013 to the present.

**TOPIC NO. 55:**

The nature and extent of Uniloc Licensing's operations in Texas and California, including but not limited to any operations in the Eastern District of Texas and the Northern District of California.

**TOPIC NO. 56:**

The location of Uniloc Licensing's principal place of business.

**TOPIC NO. 57:**

The locations of all facilities of Uniloc Licensing in Texas and California and a general description of the business operations of those facilities.

**TOPIC NO. 58:**

The number of employees of Uniloc Licensing in the Eastern District of Texas and the Northern District of California.

**TOPIC NO. 59:**

The number of employees of Uniloc Licensing in the Northern District of California that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**TOPIC NO. 60:**

The number of employees of Uniloc Licensing in the Eastern District of Texas that have knowledge of any of the Asserted Patents and/or accused technology in the Uniloc 2017-Google litigations.

**TOPIC NO. 61:**

Any connections that Uniloc Licensing has to California, including but not limited to any connections to the Northern District of California.

**TOPIC NO. 62:**

Any connections that Uniloc Licensing has to Texas, including but not limited to any connections to the Eastern District of Texas.

**TOPIC NO. 63:**

The board structure of Uniloc Licensing including, but not limited to, board members, officers, and executives.

**TOPIC NO. 64:**

Any pleadings, discovery responses, expert reports, discovery requests, deposition transcripts, or other testimony Regarding the Asserted Patents or Related Patents or any Related Patent Portfolio.

**TOPIC NO. 65:**

Communications relating to any attempts, whether successful or not, to commercialize, develop products that embody, or otherwise exploit any purported inventions or technologies disclosed by the Asserted Patents by any person, including the dates of any such attempts, the persons involved, and any related documents.

**TOPIC NO. 66:**

The purchase of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**TOPIC NO. 67:**

The sale or potential sale of any of the Asserted Patents, Related Patents, or any Related Patent Portfolio.

**TOPIC NO. 68:**

Communications with any Named Inventor concerning any Asserted Patents, Related Patents, Related Patent Portfolio, Google, Android, or any contemplated or actual patent litigation against Google.

**TOPIC NO. 69:**

Agreements with any Fortress Entity.

# EXHIBIT 3

| *Attorney or Party without Attorney:* | *For Court Use Only* |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, Bar #312841<br>50 CALIFORNIA STREET, 22ND FLOOR<br>SAN FRANCISCO, CA  94111<br>*Telephone No:* 415-875-6600          *FAX No:* 415-875-6700 | |

| *Attorney for:* Defendant | *Ref. No. or File No.:*<br>01980-00141 | |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br> United States District Court For The Eastern District Of Texas | | |
| *Plaintiff:* UNILOC 2017 LLC | | |
| *Defendant:* GOOGLE LLC | | |

| **PROOF OF SERVICE**<br>**SUBPOENA TO PRODUCE** | *Hearing Date:*<br>Tue, Jan. 07, 2020 | *Time:*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>2:18-cv-00553 [JRG] |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT;
    INSPECTION OF PREMISES IN A CIVIL ACTION; PROTECTIVE ORDER; BLANK APPENDIX A UNDERTAKING OF
    EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER; DEFENDANT GOOGLE LLC'S NOTICE OF
    SUBPOENA TO UNILOC USA

3.  a. *Party served:*                              UNILOC LICENSING USA C/O CORPORATION TRUST COMPANY
    b. *Person served:*                             AMY MCLAREN, AUTHORIZED TO ACCEPT SERVICE

4.  *Address where the party was served:*       1209 ORANGE STREET
                                                WILMINGTON, DE  19801

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
       process for the party (1) on: Thu., Dec. 19, 2019 (2) at: 10:47AM
    b. *I received this subpoena for service on:*       Wednesday, December 18, 2019

6.  *Witness fees were not demanded or paid.*

7.  *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. KENDRA  WATSON                               d.  *The Fee for Service was:*
    b. A & A LEGAL SERVICE, Inc.                    e.  I am:
       880 MITTEN ROAD, SUITE 102
       BURLINGAME, CA  94010                                 *(1)*   Independent Contractor
    c. (650) 697-9431, FAX (650) 697-4640

8.  *I declare under penalty of perjury*                       *that the foregoing is true and correct.*

    *Date: Thu, Dec. 19, 2019*

1
JONATHAN TSE, ESQ.
QUINN EMANUEL URQUHART & SULLIVAN
2
50 CALIFORNIA STREET, 22ND FLOOR
SAN FRANCISCO, CA 94111
3
415-875-6426
ATTORNEY FOR: DEFENDANT
4

5

6

7

8
UNITED STATES DISTRICT COURT
FOR THE
9
EASTERN DISTRICT OF TEXAS

10

11
UNILOC 2017 LLC,                          )   Case No.: 2:18-CV-00553
                                          )
12
            Plaintiff,                    )   DECLARATION OF LIANA SOLOMON
                                          )   RE: CORRECTION OF PROOF OF
13
     vs.                                  )   SERVICE ON UNILOC LICENSING USA
                                          )
14
GOOGLE LLC,                               )
                                          )
15
            Defendant                     )
                                          )
16
_____         )

17

18
In regards to the proof of service on UNILOC LICENSING USA (PROOF #9865700.121611),

19
ON LINE ITEM 2, there was a typographical error. Document served read DEFENDANT

20
GOOGLE LLC's NOTICE OF SUBPOENA TO UNILOC USA and not UNILOC LICENSING

21
USA. See attached copy of amended proof of service reflecting the correction.

22

23
I declare under the penalty of perjury, that the foregoing is true and correct.

24

25

26
                                      Dated this January 30, 2020

27

                                      _____
28
                                      LIANA SOLOMON


DECLARATION - 1

| Attorney or Party without Attorney:<br>QUINN EMANUEL URQUHART & SULLIVAN, Bar #312841<br>50 CALIFORNIA STREET, 22ND FLOOR<br>SAN FRANCISCO, CA  94111<br>Telephone No: 415-875-6600        FAX No: 415-875-6700 | For Court Use Only |
|---|---|
| Ref. No. or File No.:<br>01980-00141 | |
| Attorney for: Defendant | |

Insert name of Court, and Judicial District and Branch Court:
United States District Court For The Eastern District Of Texas

Plaintiff: UNILOC 2017 LLC

Defendant: GOOGLE LLC

| (AMENDED) **PROOF OF SERVICE**<br>**SUBPOENA TO PRODUCE** | Hearing Date:<br>Tue, Jan. 07, 2020 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>2:18-cv-00553 [JRG] |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT;
INSPECTION OF PREMISES IN A CIVIL ACTION; PROTECTIVE ORDER; BLANK APPENDIX A UNDERTAKING OF
EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER; DEFENDANT GOOGLE LLC'S NOTICE OF
SUBPOENA TO UNILOC LICENSING USA

3. a. Party served:                                       UNILOC LICENSING USA C/O CORPORATION TRUST COMPANY
   b. Person served:                                     AMY MCLAREN, AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:        1209 ORANGE STREET
                                                                WILMINGTON, DE  19801

5. I served the party:
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
      process for the party (1) on: Thu., Dec. 19, 2019 (2) at: 10:47AM
   b. I received this subpoena for service on:        Wednesday, December 18, 2019

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**                                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. KENDRA  WATSON                                      d. **The Fee for Service was:**
   b. **A & A LEGAL SERVICE, Inc.**                      e.  I am:
      880 MITTEN ROAD, SUITE 102
      BURLINGAME, CA  94010                                          *(i)*    Independent Contractor
   c. (650) 697-9431, FAX (650) 697-4640

8. *I declare under penalty of perjury under the laws*                    *that the foregoing is true and correct.*

   Date: *Thu, Dec. 19, 2019*

                                                                          *Kendra L. Watson*

(AMENDED)<br>                 **PROOF OF SERVICE**<br>                 **SUBPOENA TO PRODUCE**                 (KENDRA  WATSON)              9865700.121611

# EXHIBIT 4

| *Attorney or Party without Attorney:*<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>    Telephone No:  213-443-3000<br><br>    *Attorney For:*  Google LLC | | | | *For Court Use Only* |
|---|---|---|---|---|
| | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS | | | | |
| *Plaintiff:*   UNILOC 2017 LLC,<br>*Defendant:*   GOOGLE LLC | | | | |
| **PROOF OF SERVICE** | *Hearing Date:*<br>02/25/2020 | *Time:*<br>9:00 a.m. | *Dept/Div:* | *Case Number:*<br>2:18-cv-00491, -492, -493, -496, -497, -<br>499, -501, -502, -503, -504, -548, -550, -<br>551, 552 |

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the DEFENDANT GOOGLE LLC'S NOTICE OF SUBPOENA TO UNILOC USA LLC, LETTER DATED FEBRUARY 13, 2020

3.  *a.*   *Party served:*      UNILOC LICENSING USA LLC
    *b.*   *Person served:*   AMY MCLAREN, INTAKE SPECIALIST/ CT CORPORATION, REGISTERED AGENT

4.  *Address where the party was served:*   1209 Orange Street, Wilmington, DE 19801

5.  *I served the party:*
    a. **By personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Feb 13 2020 (2) at: 02:35 PM

6.  *Person Who Served Papers:*
    a. Richard Craig
    b. **FIRST LEGAL**
        1517 W. Beverly Blvd.
        LOS ANGELES, CA 90026
    c. (213) 250-1111

    **d.** *The Fee for Service was:*

7.  *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

02/14/2020

*(Date)*

*(Signature)*



PROOF OF
SERVICE

4297483
(4287469)

| Attorney or Party without Attorney:<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>  Telephone No: 213-443-3000<br><br>  Attorney For:  Google LLC | | *For Court Use Only* |
|---|---|---|
| | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS | | |
| *Plaintiff:*  UNILOC 2017 LLC,<br>*Defendant:*  GOOGLE LLC | | |

| **PROOF OF SERVICE** | *Hearing Date:*<br>02/25/2020 | *Time:*<br>9:00 a.m. | *Dept/Div:* | Case Number:<br>2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, 552 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the DEFENDANT GOOGLE LLC'S NOTICE OF SUBPOENA TO UNILOC USA LLC, LETTER DATED FEBRUARY 13, 2020

3. *a.* Party served: UNILOC LICENSING USA LLC
   *b.* Person served: AMY McLAREN, INTAKE SPECIALIST/CT CORPORATION, REGISTERED AGENT

4. *Address where the party was served:*   1209 Orange Street, Wilmington, DE 19801

5. *I served the party:*
   a. **By personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Feb 13 2020 (2) at: 02:35 PM

6. **Person Who Served Papers:**
   a. Richard Craig
   **b. FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. (213) 250-1111

   **d. *The Fee* for Service was:**

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| 02/14/2020 | |
|---|---|
| *(Date)* | *(Signature)* |



PROOF OF
SERVICE

4297490
(4287476)

# EXHIBIT 5

## David Doak

| | |
|---|---|
| **From:** | Liana Solomon <LSolomon@aalegalservice.com> |
| **Sent:** | Wednesday, December 18, 2019 4:27 PM |
| **To:** | Jonathan Tse; Joseph LeRoy |
| **Cc:** | Sean Damon |
| **Subject:** | RE: Service Request |
| **Attachments:** | OC24489.jpg |

**[EXTERNAL EMAIL]**

There is no suite 360. See attached picture of the companies on the 3rd floor. Do you have an alternate address-like an agent for service?

*PLEASE NOTE: OUR OFFICE WILL BE CLOSED ON DEC. 24Th , 25TH, 31ST and JAN. 1ST IN OBSERVANCE OF THE HOLIDAY SEASON*

*OFFICE HOURS: 8:00 A.M. – 5:30 P.M. WEEKDAYS*
*After Hours Service: 7:00 A.M. – 8:00 A.M. and 5:30 P.M. – 9:00 P.M. weekdays*
*8:00 A.M. – 9:00 P.M. weekends*
*EMAILS ARE NOT MONITORED AFTER HOURS/WEEKENDS*

**Liana Solomon| Ext. 206**
**A & A Legal Service**
**880 Mitten Road, Ste. 102**
**Burlingame, CA 94010**
T: (650) 697-9431| F: (650) 697-4640

**www.aalegalservice.com**

*We are a full service attorney support service specializing in:*
*PROCESS SERVICE, INVESTIGATIONS, COURT FILINGS and RECORDINGS/PUBLIC RECORDS SEARCHES, LEGAL DELIVERIES, JUDGE'S SIGNATURES, PHOTOCOPY, DEPOSITION OFFICER, WRIT SERVICE and IN-HOUSE/TRAVELING NOTARY*

**From:** Jonathan Tse [mailto:jonathantse@quinnemanuel.com]
**Sent:** Wednesday, December 18, 2019 3:27 PM
**To:** Liana Solomon <LSolomon@aalegalservice.com>; Joseph LeRoy <josephleroy@quinnemanuel.com>
**Cc:** Sean Damon <seandamon@quinnemanuel.com>
**Subject:** RE: Service Request

Suite 360 at 620 Newport Center Drive, Newport Beach, CA 92660.  What's the entity in the directory that corresponds to that suite number?

**From:** Liana Solomon [mailto:LSolomon@aalegalservice.com]
**Sent:** Wednesday, December 18, 2019 3:17 PM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>; Joseph LeRoy <josephleroy@quinnemanuel.com>
**Cc:** Sean Damon <seandamon@quinnemanuel.com>
**Subject:** RE: Service Request

<div align="center">

**[EXTERNAL EMAIL]**

</div>

---

There is no Uniloc on the directory and security guard doesn't recognize name. Do you have a suite number?

*__PLEASE NOTE:__ OUR OFFICE WILL BE CLOSED ON DEC. 24Th , 25TH, 31ST and JAN. 1ST IN OBSERVANCE OF THE HOLIDAY SEASON*

<div align="center">

*OFFICE HOURS: 8:00 A.M. – 5:30 P.M. WEEKDAYS*
*After Hours Service: 7:00 A.M. – 8:00 A.M. __and__ 5:30 P.M. – 9:00 P.M. weekdays*
*8:00 A.M. – 9:00 P.M. weekends*
*EMAILS ARE NOT MONITORED AFTER HOURS/WEEKENDS*

</div>

**Liana Solomon| Ext. 206**
**A & A Legal Service**
**880 Mitten Road, Ste. 102**
**Burlingame, CA 94010**
T: (650) 697-9431| F: (650) 697-4640


**www.aalegalservice.com**

<div align="center">

*We are a full service attorney support service specializing in:*
*PROCESS SERVICE, INVESTIGATIONS, COURT FILINGS and RECORDINGS/PUBLIC RECORDS SEARCHES, LEGAL DELIVERIES, JUDGE'S SIGNATURES, PHOTOCOPY, DEPOSITION OFFICER, WRIT SERVICE and IN-HOUSE/TRAVELING NOTARY*

</div>

---

**From:** Jonathan Tse [mailto:jonathantse@quinnemanuel.com]
**Sent:** Wednesday, December 18, 2019 3:16 PM
**To:** Joseph LeRoy <josephleroy@quinnemanuel.com>; Liana Solomon <LSolomon@aalegalservice.com>; Tim Anderson <TAnderson@aalegalservice.com>
**Cc:** Sean Damon <seandamon@quinnemanuel.com>
**Subject:** RE: Service Request

There should at least be a Uniloc entity in the building directory.  Can Tim confirm?

---

**From:** Joseph LeRoy
**Sent:** Wednesday, December 18, 2019 2:52 PM
**To:** Liana Solomon <LSolomon@aalegalservice.com>; Tim Anderson <TAnderson@aalegalservice.com>
**Cc:** Sean Damon <seandamon@quinnemanuel.com>; Jonathan Tse <jonathantse@quinnemanuel.com>
**Subject:** RE: Service Request

+Sean and Jon

**Joseph LeRoy**
*Paralegal,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6366 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
josephleroy@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Liana Solomon [mailto:LSolomon@aalegalservice.com]
**Sent:** Wednesday, December 18, 2019 2:49 PM
**To:** Joseph LeRoy <josephleroy@quinnemanuel.com>; Tim Anderson <TAnderson@aalegalservice.com>
**Subject:** RE: Service Request

**[EXTERNAL EMAIL]**

We have attempted service on **UNILOC LICENSING USA**. The given address is a large complex with many suites. They are not listed on the directory. The security guard is unfamiliar with them. Guard stated to check on 11th floor with executive suites. Server checked with executive suites but they are unfamiliar with this company.

Please advise. Paperwork on hold.

**PLEASE NOTE: OUR OFFICE WILL BE CLOSED ON DEC. 24Th , 25TH, 31ST and JAN. 1ST IN OBSERVANCE OF THE HOLIDAY SEASON**

**OFFICE HOURS: 8:00 A.M. – 5:30 P.M. WEEKDAYS**
**After Hours Service: 7:00 A.M. – 8:00 A.M. and 5:30 P.M. – 9:00 P.M. weekdays**
**8:00 A.M. – 9:00 P.M. weekends**
**EMAILS ARE NOT MONITORED AFTER HOURS/WEEKENDS**

**Liana Solomon| Ext. 206**
**A & A Legal Service**
**880 Mitten Road, Ste. 102**
**Burlingame, CA 94010**
T: (650) 697-9431| F: (650) 697-4640

**www.aalegalservice.com**

*We are a full service attorney support service specializing in:*
*PROCESS SERVICE, INVESTIGATIONS, COURT FILINGS and RECORDINGS/PUBLIC RECORDS SEARCHES, LEGAL DELIVERIES, JUDGE'S SIGNATURES, PHOTOCOPY, DEPOSITION OFFICER, WRIT SERVICE and IN-HOUSE/TRAVELING NOTARY*

# EXHIBIT 6

## David Doak

**Subject:**                    FW: Uniloc v. Google (-553) - Email memorializing February 7 meet and confer

---

**From:** Travis Richins [mailto:travis@etheridgelaw.com]
**Sent:** Monday, February 10, 2020 7:29 PM
**To:** QE-Uniloc <qe-uniloc@quinnemanuel.com>; 'Mike Jones' <mikejones@potterminton.com>; 'Patrick C. Clutter, IV' <patrickclutter@potterminton.com>; glennthames@potterminton.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>
**Subject:** Re: Uniloc v. Google (-553) - Email memorializing February 7 meet and confer

<div style="background-color:#fce8a0;text-align:center">

**[EXTERNAL EMAIL]**

</div>

---

Jonathan,


Below is our summary of the call, which we prepared before receiving your summary and which largely tracks yours.  We have also responded to some of your comments below in **blue**.

**\*\*\***

It is our understanding from CT Corp that Uniloc USA and Uniloc Licensing have not been served.

**\*\*\***

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Sent:** Monday, February 10, 2020 5:25 PM
**To:** Jim Etheridge <jim@etheridgelaw.com>; Travis Richins <travis@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>; IPTeam <IPTeam@etheridgelaw.com>
**Cc:** QE-Uniloc <qe-uniloc@quinnemanuel.com>; Mike Jones <mikejones@potterminton.com>; Patrick C. Clutter, IV <patrickclutter@potterminton.com>; Glenn Thames <glennthames@potterminton.com>
**Subject:** Uniloc v. Google (-553) - Email memorializing February 7 meet and confer

Counsel,

Thank you for the meet and confer on Friday, February 7. Below is a summary memorializing the February 7 meet and confer.

**\*\*\***

**Uniloc's issues with Google's subpoenas to Uniloc USA and Uniloc Licensing USA**

Uniloc recognized that Google had provided proofs of service of the Uniloc USA and Uniloc Licensing USA subpoenas but told Google that it did not properly serve the subpoenas. Uniloc said that it spoke to an employee at CTC, the registered agent of service of process for Uniloc USA and Uniloc Licensing USA, and that the employee never received the subpoenas. Uniloc noted that the Proofs of Service stated that the process server appears to be from Burlingame, California but served the subpoena in Delaware. Google told Uniloc that it will investigate. Google asked for the contact information of the person Uniloc spoke to, or if Uniloc was uncomfortable providing that information, to provide that person with the contact information for Google's attorney. Uniloc said it would pass along that proposal.  On Friday, David Perlson emailed you and said that the process server is physically located in Delaware and that she was conducting the service for A&A legal service, located in California.  **Regardless of the location of the server, our understanding is that the entities were not properly served.  We suggest you contact CTC yourself.**

**\*\*\***

**Jonathan Tse**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.