IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE LLC, | ) |
| | ) |
| Petitioner, | ) C.A. No. 20-mc-065 (RGA) |
| | ) |
| v. | ) REDACTED - PUBLIC VERSION |
| | ) |
| UNILOC LICENSING USA LLC, | ) |
| | ) |
| Respondent. | ) |

**GOOGLE LLC'S REPLY TO MOTION TO COMPEL UNILOC LICENSING USA LLC
TO COMPLY WITH SUBPOENAS ON AN EXPEDITED BASIS**

OF COUNSEL:

David A. Perlson
Jonathan Tse
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

Deepa Acharya
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C.  20005
(202) 538-8000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Google LLC*

Original Filing Date: March 13, 2020
Redacted Filing Date: March 17, 2020

# **TABLE OF CONTENTS**

                                                                                                                                  **Page**

I.     ARGUMENT ................................................................................................................... 1

    A.  Google's Subpoenas Are Proper And Require Compliance. ............................... 1

    B.  Uniloc Licensing Did Not Comply With Google's Subpoenas And Has Waived Its Objections ................................................................................................................. 3

    C.  Uniloc Licensing's Objection That Documents And Information That Google Seeks Can Be Obtained From Uniloc 2017 Is Part of the Shell Game ....................................... 5

    D.  Since Standing and Venue are Threshold Issues, These Issues Can Be Raised At Any Point In The Litigation.............................................................................................. 7

    E.  Uniloc Licensing Has Not Raised Any Credible Claims Of Hardship ............................... 8

    F.  Transfer Is Not Warranted ................................................................................... 9

II.    CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

**Pages**
**Cases**

*Amphenol Corp. v. Fractus, S.A.*,
    No. 19 MISC. 160 (PAE), 2019 WL 2521300 (S.D.N.Y. June 19, 2019)................................5

*Barkes v. First Corr. Med.*,
    C.A. No. 06-104-JJF-MPT, 2010 WL 1962797 (D. Del. May 17, 2010)................................3

*DatCard Sys., Inc. v. PacsGear, Inc.*,
    No. 11-mc-0025, 2011 WL 2491515 (D. Minn. Apr. 25, 2011) ................................8

*In re Subpoena to Non-Party OPI Prods., Inc. Mycone Dental Supply Co. v. Creative Nail Design*,
    No. 3:12-CV-747-RS, 2014 WL 12610196 (C.D. Cal. Jan. 2, 2014)........................................8

*In re Sumar*,
    123 F.R.D. 467 (S.D.N.Y. 1988) ................................................................................................3

*Lima LS PLC v. Nassau Reinsurance Gr. Holdings, L.P.*,
    160 F. Supp. 3d 574 (S.D.N.Y. 2015)........................................................................................9

*Plant Genetic Sys., N.V. v. Northrup King Co., Inc.*,
    6 F. Supp. 2d 859 (E.D. Mo. 1998)............................................................................................8

*U.S. ex rel. Schwartz v. TRW, Inc.*,
    211 F.R.D. 388 (C.D. Cal. 2002)............................................................................................3, 7

**Other Authorities**

Wright et al., 9A Fed. Prac. & Proc. Civ., § 2463 (3d ed. 2019)........................................................3

**Rules and Statutes**

Fed. R. Civ. P. 30(b)(1)......................................................................................................................5

Fed. R. Civ. P. 30(b)(6)..................................................................................................................5, 8

Fed. R. Civ. P. 45..........................................................................................................................3, 9

Fed. R. Civ. P. 45(d)(2)(B) ............................................................................................................3, 9

Since Google LLC ("Google") filed its Motion to Compel ("Motion") on February 21, Uniloc Licensing USA LLC ("Uniloc Licensing") has continued to resist Google's Motion and refused to comply with Google's subpoenas.[1] Despite its claims that any and all relevant information can be obtained from plaintiff Uniloc 2017 LLC ("Uniloc 2017"), Uniloc Licensing has yet to conduct any searches or otherwise confirm that all responsive, non-privileged documents have actually been produced and has refused to produce email communications and a privilege log. Absent lifting the stay and enforcing the Court's Order (D.I. 3), Uniloc Licensing appears to have no plans to comply with Google's subpoenas. Uniloc Licensing's request to transfer is just another attempt to delay compliance with Google's subpoenas. The progress already made in this miscellaneous action, including two fully briefed motions and a Court order on one of those motions, weighs in favor of this Court resolving these issues, not the Eastern District of Texas ("Eastern District"). Since the close of fact discovery in the underlying cases is rapidly approaching at the end of this month, Google respectfully requests the Court lift its stay on its Order compelling Uniloc Licensing to comply with Google's subpoenas on an expedited basis.

I.   **ARGUMENT**

A. **Google's Subpoenas Are Proper And Require Compliance.**

As discussed in Google's Motion, Uniloc Licensing and its counsel have been on notice of Google's subpoenas since December 16. (D.I. 1 ("Mot.") at 2 n.2, 3-4.) While Google initially

---

[1] Uniloc Licensing's Opposition Brief is procedurally improper as this Court has already issued its Order in this case, granting Google's Motion to Compel in this case. (D.I. 3.) That Order was stayed on March 2 "pending resolution of the Motion for a Protective Order [From Deposition Subpoenas] (D.I. 6) and any other motion that may be filed." (D.I. 11.) The Court's Order did not permit or seek further briefing on Google's Motion to Compel.

1

attempted service in Newport Beach, California (*id*. at 3-4; Ex. 6),[2] it subsequently served Uniloc Licensing's agent for service of process in Delaware and provided counsel for Uniloc 2017 (now counsel for Uniloc Licensing) with proof of service. Those subpoenas requested production of documents and a deposition at Uniloc Licensing's purported place of business in Newport Beach, California (D.I. 1-1, Ex. 1), rather than Delaware, on the assumption that it would be a more convenient location for Uniloc Licensing's employees, who reside in Hawaii and Los Angeles. These subpoenas applied to *all* the Uniloc 2017-Google Litigations, as indicated in the notice cover pleading to the subpoenas. Uniloc Licensing failed to respond or take any action in response to the December or February subpoenas, which Google re-issued out of an abundance of caution to ensure that discovery applied to all underlying litigations. Only after the Court issued its Order granting Google's Motion, however, did Uniloc Licensing act by retaining Uniloc 2017's counsel and serving its belated objections that are now waived.

      Uniloc Licensing's argument that Google has violated the stay has no merit. Google has not acted to enforce the subpoenas in any of the stayed cases since the stay was entered on February 14—its Motion made clear that it only sought enforcement in the non-stayed cases. It is unclear why Uniloc Licensing believes that Google's Motion has somehow violated the Eastern District order staying a subset of the Uniloc 2017-Google Litigations. The December and February subpoenas identify all the underlying litigations and Google alerted counsel for Uniloc 2017 (now also counsel for Uniloc Licensing) on January 21, before any stay was issued, that it intended to move to compel based on the December subpoenas. Uniloc Licensing failed to comply with either set of subpoenas, which set forth compliance dates on January 7, February 20, and February 25. Since the stay was entered before Google filed its Motion, Google filed its

---

[2] Google was unable to serve its subpoenas at Uniloc Licensing's Newport Beach, California office, because it did not appear that Uniloc Licensing actually had a suite in that office building.

motion to compel compliance of its subpoenas in just the non-stayed cases. Uniloc Licensing's reliance now on the later-issued stay of a subset of cases is a red herring.

### B. Uniloc Licensing Did Not Comply With Google's Subpoenas And Has Waived Its Objections

Uniloc Licensing's belated objections to the subpoenas and its actions subsequent to Google's Motion and this Court's Order suggest it has no intention of complying with the subpoenas. As an initial matter, Uniloc Licensing waived its objections to both the December and February subpoenas.[3] Wright et al., 9A Fed. Prac. & Proc. Civ., § 2463 (3d ed. 2019); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002); *In re Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988). Uniloc Licensing's objections are untimely under Rule 45(d)(2)(B), because it failed to serve objections by the time specified for compliance.[4] Uniloc Licensing had more than ample time to set forth their objections and responses, as Uniloc Licensing and its counsel have been on notice of these subpoenas since December. Since Uniloc Licensing fails to provide good cause for its untimely objections, they are waived. *See Barkes v. First Corr. Med.*, C.A. No. 06-104-JJF-MPT, 2010 WL 1962797, at *2 (D. Del. May 17, 2010) ("'[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.' . . . [A] conclusory assertion of good cause . . . is insufficient.")

There is no indication that Uniloc Licensing has expended any effort to comply with the subpoenas. Uniloc Licensing's belated objections for both the document and deposition subpoenas further highlight the minimal attention it has paid to these discovery requests, as they merely repeat the same objections for each document request and deposition topic. (*See*

---

[3] For Google's deposition subpoena, the appropriate relief was to file a motion to quash or a motion for protective order, as it is improper to file objections to deposition subpoenas under Rule 45. Even Uniloc Licensing's motion for protective order (D.I. 25) was filed after the date and time of compliance in Google's deposition subpoena.

[4] Rule 45(d)(2)(B) states that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

3

*generally* D.I. 15-1, Ex. 4; see also Ex. 7.) Moreover, Uniloc Licensing never confirmed that all responsive, non-privileged documents have already been produced or that it even conducted such a search in the first instance.[5] When forced to answer to Google's subpoenas, Uniloc Licensing engages in a shell game and points back at Uniloc 2017. However, Uniloc 2017 has not yet produced all documents encompassed by Google's subpoenas, *i.e.*, email communications and privilege log, and these are documents that Uniloc Licensing also refuses to produce based on conclusory and incorrect objections, discussed *infra*. Uniloc Licensing cannot know if Uniloc 2017 has produced all documents until it conducts a reasonable search for such documents. And if it concludes such documents have been produced, it needs to provide a privilege log on documents withheld.

Uniloc Licensing also accuses Google of prematurely filing its Motion. This is incorrect. Google has been waiting for *months* for Uniloc Licensing to comply or engage in a meet and confer on the requested information. With fact discovery closing at the end of the month, Google could no longer wait indefinitely for Uniloc Licensing to respond. Google reached out to counsel for Uniloc Licensing to inform them it would file this Motion if Uniloc Licensing did not comply with the subpoenas, which Uniloc Licensing chose to ignore. Google had no other choice but to file this Motion after the date of compliance for the February document subpoena had elapsed. Google's concerns have been borne out. Uniloc Licensing failed to timely serve its objections

---

[5] For example, in its Opposition, Uniloc Licensing states that "***if*** there are any discoverable documents that have not already been produced by Uniloc 2017 (***Uniloc Licensing does not believe there are any***), they are in the possession of Uniloc 2017." (D.I. 17 ("Opp.") at 7-8 (emphasis added).) In its objections, Uniloc Licensing states that "[d]iscoverable documents responsive to this request, ***if any***, are in the possession or control of, and ***are available*** from Uniloc 2017," (*see* D.I. 15-1, Ex. 4), that it "objects to the request that [Uniloc Licensing] produce this information available from, and (***to the extent it exists***) already produced by, a party to the litigation," (*see id.*), and that it "objects to this request because any information in the possession or control of Uniloc Licensing ***can be*** obtained from Uniloc 2017." (Ex. 7 (emphasis added).)

4

and has refused to produce any responsive, non-privileged documents that have not already been produced, to provide a privilege log, or provide a witness for a separate deposition.[6]

### C. Uniloc Licensing's Objection That Documents And Information That Google Seeks Can Be Obtained From Uniloc 2017 Is Part of the Shell Game

Uniloc Licensing's main argument against Google's Motion is that the documents and testimony can be obtained from Uniloc 2017.[7] As Google has previously explained, it is seeking documents that would otherwise not be in Uniloc 2017's possession, custody, or control. (Mot. at 9-10.) Even if Uniloc 2017 does have the ability to obtain all of Uniloc Licensing's documents, that does not absolve Uniloc Licensing of its obligations under the subpoenas. It is "not unreasonable . . . to seek information relevant to . . . central issues from [a nonparty with an 'important role in this controversy'], even if some of it may prove duplicative," because "it is appropriate . . . to 'test the accuracy and completeness of [a party's] discovery responses and their denials that additional information exists." *Amphenol Corp. v. Fractus, S.A.*, No. 19 MISC. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019). And if, as Uniloc Licensing contends, there is substantial overlap of responsive, non-privileged documents, the burden of producing the non-overlapping documents is minimal.

For its part, Uniloc Licensing has not indicated that it has conducted a search and confirmed that Uniloc 2017 has already produced all relevant documents. Until Uniloc Licensing confirms that all responsive documents to Google's subpoenas have been produced by Uniloc

---

[6] The parties are currently negotiating the scope and number of days for the deposition of ███████ ███████, among other witnesses. Uniloc Licensing has only offered Mr. ███████, ███████ ███████████████████████████████████████ for a one-day deposition across all 15 cases for the Rule 30(b)(1) deposition, the Rule 30(b)(6) deposition, and the deposition in response to the subpoena to Uniloc Licensing. Google has requested a 5-day deposition in order to have sufficient time to cover all the issues across all the underlying litigations and this subpoena. (D.I. 21, Ex. 3.)

[7] Uniloc Licensing does not dispute that the document requests and deposition topics are relevant to the parties' claims and defenses.

5

2017, it is not in compliance with Google's subpoenas. Uniloc Licensing also complains of the overlapping topics between the Uniloc Licensing subpoenas and the requests for production propounded on Uniloc 2017. But the information sought is for different entities—one for information within the possession, custody and control of Uniloc 2017 and the other for information within the possession, custody, and control of Uniloc Licensing. So while the requests are the same, the responsive information would be different, because these are two different entities.

This information is relevant, as Google explained in its Motion, because Uniloc Licensing is an interested third party that held overlapping exclusive rights to enforce the patents-in-suit at least up until a few days before Uniloc 2017 initiated litigation against Google, entered into a contractual relationship with Uniloc 2017, and share at least two of the same employees with Uniloc 2017. Uniloc Licensing may have performed its own analyses of the patents-in-suit, analyses of the underlying litigations against Google, or analysis of standing in those litigations, all of which is relevant information. Even if Uniloc 2017 does have access to such information and documents, it is doubtful that Uniloc 2017 searched for documents specifically related to Uniloc Licensing in response to Google's document requests in the underlying litigations.

In addition, Uniloc Licensing remains steadfast in its refusal to produce email communications and a privilege log. Its sole objection to refusing to produce email communications is that the ESI Order in the Eastern District governs. However, the ESI Order only applies to parties, not to third parties. (*See* -504 case, Dkt. 68.) Similar to documents, Uniloc Licensing also does not appear to have conducted a search for email communications, despite Google's offer to provide email custodians and search terms to mitigate any burden in

6

producing email communications. (Declaration of Jonathan Tse ("Tse Decl.") ¶ 3.) As for the privilege log, Uniloc Licensing has only raised a conclusory objection of burden, which has been waived,[8] and has not articulated what that burden is. (Mot., § III.D.) Since Uniloc 2017 has represented it does not have privileged documents, Uniloc Licensing can either confirm the same or log its privileged documents on a privilege log. Uniloc Licensing's own actions or lack thereof exemplify why this Motion is crucial to ensure that Uniloc Licensing fulfills its obligations under the Federal Rules of Civil Procedure.

### D. Since Standing and Venue are Threshold Issues, These Issues Can Be Raised At *Any* Point In The Litigation

Uniloc Licensing claims that Google "does not need, and cannot properly seek, more venue and standing discovery." (Opp. at 8.) This is incorrect. Google's motion to dismiss[9] and motion to transfer venue are still pending and the Eastern District has not ruled on either motion. Indeed, Uniloc 2017 recently provided updated venue information, which contradicts earlier information it provided, that affect the transfer analysis.[10] (Tse Decl. ¶ 4.) Using the updated

---

[8] Although Uniloc Licensing has already waived its objections to privilege, *TRW*, 211 F.R.D. at 392 ("Failure to serve timely objections waives all grounds for objection, including privilege"), Google is not seeking privileged documents and communications and logging these documents on a privilege log will satisfy Uniloc Licensing's obligations in that respect to the document subpoena.

[9] [redacted]

[10] [redacted]

information, the parties both agreed to move for leave to file supplemental transfer briefing. (*Id.*) In addition, standing is a threshold issue that a party can raise at any point in the litigation. While Google disagrees that standing and venue are not still live issues, it has agreed to not cover the standing and venue topics in the Rule 30(b)(6) and Uniloc Licensing depositions. (D.I. 21, Ex. 3.)

### E. Uniloc Licensing Has Not Raised Any Credible Claims Of Hardship

Uniloc Licensing fails to articulate any particularized hardship, much less any undue burden, in complying with the subpoenas. *DatCard Sys., Inc. v. PacsGear, Inc.*, No. 11-mc-0025 (DSD/SER), 2011 WL 2491515, at *2 (D. Minn. Apr. 25, 2011); *Plant Genetic Sys., N.V. v. Northrup King Co., Inc.*, 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998). Nowhere does Uniloc Licensing claim that the documents sought by Google are not kept "in the ordinary course of business." *In re Subpoena to Non-Party OPI Prods., Inc. Mycone Dental Supply Co. v. Creative Nail Design*, No. 3:12-CV-747-RS, 2014 WL 12610196, at *2 (C.D. Cal. Jan. 2, 2014). Uniloc Licensing claims that the dates of compliance in the February subpoena are unreasonable, but it has been on notice of these subpoenas since December 16, more than two months before the date of compliance in the February subpoenas. Further, Uniloc Licensing ignored the subpoenas and did not retain counsel and serve its objections until after the dates of compliance had passed and

[redacted]

8

after this Court compelled Uniloc Licensing to comply with the subpoenas. In addition, Rule 45(d)(2)(B) contemplates that a party may designate a date of compliance shorter than 14 days, which was justified here as Uniloc Licensing and its counsel had these subpoenas since December. In sum, Google made every effort to provide Uniloc Licensing's counsel with notice and opportunities to timely comply with its subpoenas. Any hardship or burden on Uniloc Licensing is its own fault.

Uniloc Licensing also contends that requiring a deposition in Delaware is unreasonable and not allowed under Rule 45. (Opp. at 7.) Delaware, however, is the court of compliance for Uniloc Licensing, which is the *entity* that Google has subpoenaed, and the noticed deposition location is within 100 miles of Uniloc Licensing's agent for service of process. Nonetheless, Google has already agreed to take the depositions of Uniloc Licensing's witness at his preferred location. (D.I. 15-1, Ex. 6.) And Google has remains willing to accommodate Uniloc Licensing in terms of location and date for document production and deposition to minimize any hardship as long as the depositions occur within the fact discovery window.

### F. Transfer Is Not Warranted

Uniloc Licensing's request to transfer should be denied. Its request is another attempt to delay compliance with Google's subpoenas while getting another bite at the apple in its preferred district. *Lima LS PLC v. Nassau Reinsurance Gr. Holdings, L.P.*, 160 F. Supp. 3d 574, 579-80 (S.D.N.Y. 2015) ("barebone claims of hardship" "are inadequate"). Efficiencies will be lost, rather than gained, by transferring the Motion to the Eastern District. The parties have already fully briefed Uniloc Licensing's motion for protective order and with this Reply this Motion will also be fully briefed, even though this Court has already ruled on this Motion. As a result, this Court, not the Eastern District, will have all the information it needs to make a fully informed decision on Google's Motion.

Uniloc Licensing's justifications for transfer are meritless. The alleged burdens that Uniloc Licensing raises are merely the costs from resisting a motion to compel in the District of Delaware. Uniloc Licensing was neither required to resist Google's Motion nor file its own motion for protective order (Opp. at 4) and cannot now raise these unnecessary costs to justify a transfer. Even if the Eastern District may be more convenient for Uniloc Licensing's counsel, that is not the test. Further, while Uniloc Licensing raises the risk of conflicting orders, it omits that it manufactured the situation where conflicting orders may occur by filing a motion for protective order in the Eastern District *after* these motions were filed with this Court. Nonetheless, the miscellaneous action here has already progressed much further, as Google's opposition to that motion for protective order is not due until next week. Thus, this Court, not the Eastern District, is in the best position to rule on Google's Motion.

## II.     CONCLUSION

For all of these reasons, Google respectfully requests the Court lift its stay on its Order compelling Uniloc Licensing to comply with Google subpoenas and order compliance within a week after the stay is lifted.

|  |  |
|---|---|
| OF COUNSEL:<br><br>David A. Perlson<br>Jonathan Tse<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br><br>Deepa Acharya<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>(202) 538-8000<br><br>March 13, 2020 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com<br><br>*Attorneys for Google LLC* |