# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

---

(302) 658-9200
(302) 658-3989 FAX

Brian P. Egan
(302) 351-9454
began@mnat.com

October 18, 2021

The Honorable Richard G. Andrews             *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re:  *Google LLC v. Uniloc Licensing USA LLC*, C.A. No. 20-mc-065 (RGA)

Dear Judge Andrews:

 The above-captioned action concerns Google LLC's motion to compel Uniloc Licensing USA LLC's compliance with third-party subpoenas issued in a number of patent-infringement actions filed by Uniloc 2017 LLC against Google in the Eastern District of Texas.  *See* C.A. Nos. 2:18-cv-00491-93, 496-97, 499, 501-04, and 548-553, -JRG-RSP (E.D. Tex.).  Google and Uniloc Licensing USA, LLC herein provide a joint status report as requested by the Court's October 15, 2021 Oral Order.  (D.I. 33).

 Since the last docket activity on April 24, 2020 (D.I. 32), the Eastern District of Texas granted Google's motions to transfer in most of the above-identified cases on June 19, 2020 and transferred the underlying actions to the Northern District of California.  *See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00553-JRG-RSP, D.I. 169 (E.D. Tex.).[1]  After the cases were transferred to the Northern District of California, the court there ruled on Google's pending motions to dismiss in all but one of the transferred cases.[2]  And on December 22, 2020, the Northern District of California granted Google's motions to dismiss on the remaining cases.  *See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, No. 4:20-cv-05346-YGR, D.I. 222 (N.D. Cal.).  Subsequently, Uniloc appealed those decisions to the Federal Circuit.  *Uniloc 2017 LLC v. Google LLC*, No. 21-01498 (Fed. Cir.).  The appeal briefing is complete, and the parties await the scheduling of oral argument.

---

[1]  Uniloc 2017 voluntarily dismissed four of the above-identified cases that were pending in the Eastern District of Texas.  *See, e.g.*, Nos. 2:18-cv-493, D.I. 285; 2:18-cv-497, D.I. 306; 2:18-cv-503, D.I. 293; 2:18-cv-549, D.I. 44.

[2]  The court granted the parties' stipulation for entry of judgment for Case No. 4:20-cv-5340, D.I. 288 (N.D. Cal.), previously 2:18-cv-501 (E.D. Tex.).

The Honorable Richard G. Andrews
October 18, 2021
Page 2

      It is Google's position that, depending on the outcome of the motions to dismiss appeal before the Federal Circuit, the documents and testimony sought by Google's third-party subpoenas may remain relevant and necessary to compel. To this end, the parties propose that the Court stay the above-captioned proceeding pending resolution of the Federal Circuit appeal on Google's motions to dismiss. The parties further propose that the parties provide the Court with a status report within 21 days of the resolution of the Federal Circuit appeal on Google's motions to dismiss, which shall discuss (1) the outcome of that appeal; and (2) whether resolution of Google's motion to compel remains necessary.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

cc:    Clerk of the Court (via electronic mail)
       All Counsel of Record (via electronic mail)